FORET, Judge.
This is a mandamus suit brought pursuant to the provisions of LSA-R.S. 18Í197.[1] The plaintiffs, Ike Bradley and Mary S. Nolley, registered voters in Natchitoches Parish School Board District No. 1, instituted this action pursuant to LSA-R.S. 18:197 against the Honorable James H. McKnight, the Natchitoches Parish Registrar of Voters, to compel him to remove thirteen voters[2] (challenged registrants) from the registration rolls of Natchitoches Parish School Board District No. 1. Specifically, plaintiffs contend that the challenged registrants actually reside within the limits of School Board District No. 10, and are therefore not qualified electors of School Board *1083 District No. 1. Barney L. Kyzar, one of the challenged registrants and a candidate for the Natchitoches Parish School Board from District No. 1, intervened, contending that this action is actually a challenge to his candidacy and that such action has. prescribed. Prom a judgment denying their demands, the plaintiffs have perfected this appeal.
The boundary lines for Natchitoches Parish School Board Districts No. 1 and 10 were established by a resolution of the Natchitoches Parish School Board on July 16, 1972, and approved by the Federal District Court for the Western District of Louisiana on July 22,1972 in “Harry H. Turpin, et al v. Natchitoches Parish Police Jury, et al” Civil Action No. 14,659 on the docket of said court. The boundary lines of School District No. 1 were established as follows:
“School District # 1
Begin at a point where Williams Avenue intersects the East boundary of the City of Natchitoches, from this point of beginning, travel West on Williams Ave. to East 5th Street, thence South & East on East 5th St. to a point 900 feet North of Short St. and East 5th St. intersection, thence West to Cane River Lake, thence South along Cane River Lake to St. Denis St., thence West on St. Denis St. to Third St., thence North on Third St. to Texas St., thence West on Texas St. to T & P Rwy., thence North on T & P Rwy. to Ash St., thence West on Ash St., to Dixie St., thence South on Dixie St. to the NE corner of Lot 3 of Springville Addition, thence in a Northwesterly direction to the City limits, thence in a Northeasterly direction along the city limits to the point of beginning.”
A map, specifically outlining the boundary lines of the district was attached to the resolution and judgment. It is undisputed that the July 16,1972 resolution adopted by the School Board placed the challenged registrants in School Board District # 10.
In 1977, the City of Natchitoches annexed certain territory along Williams Avenue, lying in School District No. 10, thereby extending the city limits eastward. The contested registrants all reside within this annexed area. Although the Natchitoches Parish School Board took no action after the annexation to change the area or limits of School Board Districts No. 1 or 10, the Natchitoches Parish Registrar of Voters removed the challenged registrants from the registration rolls of School District No. 10 and placed them on the registration rolls of School District No. 1.
Defendant and Intervenor contend that the boundaries of School Board District No. 1 expanded automatically when the area in question was annexed in 1977, because the definition of the boundaries of the district established in 1972 can be construed to include the annexed area. This contention is without merit. The fact that the 1972 resolution included a map specifically delineating the boundaries of the district indicates that the school board did not intend to define flexible boundaries. Once a boundary line of a political entity is fixed along a pre-existing natural or artificial boundary, and that pre-existing boundary subsequently changes, it is presumed that the boundary of the political entity runs as it did at the time the boundary was fixed. See Parish of Caddo v. Parish of Bossier, 164 La. 378, 113 So. 882 (1927).
Due to the failure of the school board to take any subsequent action to change the boundaries of School District No. 1, we must conclude the boundaries of the district are the same as defined by the 1972 resolution. LSA-R.S. 17:1371 gives school boards the complete discretion in fixing the boundaries of its districts. Though the trial court specifically found that the registrar acted in good faith, a conclusion in which we concur, nonetheless only the school board has authority to fix and refix the boundaries of its districts and we must conclude, therefore, that the action of the registrar in changing the registration of the challenged registrants from School Board District No. 10 to School Board District No. 1 was ultra vires.
We now turn to intervenor’s contention that this action is actually a collateral *1084 attack upon his candidacy for membership on the school board. The qualification requirements for school board membership are set forth in LSA-R.S. 17:52, as amended by Act 285 of 1980. To qualify as a candidate for school board, one must be able to read and write, be eighteen years of age, have resided in the state for the preceding two years, and have been actually domiciled in the district from which he seeks membership. This suit contests the right of the intervenor and the other challenged registrants to vote in School District No. 1. This cannot be construed as a collateral attack on intervenor’s candidacy because applicable law, specifically R.S. 17:52 as amended, does not require that a candidate for parish school board be a registered voter of the district from which he seeks election. Additionally, the plaintiffs, in brief and at oral argument, assert that this action is not a challenge to intérvenor’s candidacy and concede that if the interve-nor receives a majority of votes in the runoff election, he can and must be seated as the duly elected board member from School Board District No. 1.
With this view we do concur, for the law is well settled that the qualifications of a candidate must be contested within the time limits fixed by law.[3] In the absence of such a timely contest, that candidate must be seated, if elected, irrespective of whether or not he meets the qualifications for that office. Evans v. West, 357 So.2d 916 (La.App. 2nd Cir. 1978).
In summary, we hold that the boundaries of Natchitoches Parish School District No. 1 have not changed since the 1972 resolution of the Natchitoches Parish School Board, therefore, the challenged registrants were improperly placed on the registration rolls of School Board District No. 1.
For the above and foregoing reasons, the judgment of the District Court is hereby reversed and set aside, and it is ordered, adjudged and decreed that Arlene C. Burg-dorf, Sherrill Arlene Burgdorf, Sherwood Burgdorf, George Leopold Celles, IV, George L. Celles, Henry Cole Gahagan, Jr., Sharon Turcan Gahagan, Barney L. Kyzar, Emily Hardin Kyzar, Van Hardin Kyzar, Ramon Joseph Triche, Claudia Moore Triche and John B. Whitaker are ineligible to vote in the November 4, 1980 election for school board member of the Natchitoches Parish School Board District No. 1. Accordingly, the rule issued herein is made absolute, and pursuant to the provisions of LSA-R.S. 18:197 the Honorable James H. McKnight, Natchitoches Parish Registrar of Voters, is ordered to remove and erase from the records of his office the names of the above persons as duly qualified electors and/or registered voters in Natchitoches Parish School Board District No. 1.
REVERSED AND RENDERED.

. LSA-R.S. 18:197: If the registrar fails or refuses to mail the notice, make the publication, or cancel a registration as required in connection with a challenge of registration made under provisions of R.S. 18:196, the person making the affidavit may apply to the district court for the parish, without cost, for a rule on the registrar, returnable within forty-eight hours after service, excluding Sundays and legal holidays, to cause the registrar to show cause why he should not do so. The rule shall be tried in a summary way and by preference, in term time or in vacation, and immediately upon conclusion of the hearing the court shall enter its order in the premises. If the rule is granted, the court shall fix a period of not more than three days after the date of the order within which the registrar shall comply therewith. Upon failure to do so, the registrar shall be held in contempt of court and punished accordingly.

. The Challenged Registrants are: Arlene C. Burgdorf, Sherrill Arlene Burgdorf, Sherwood Burgdorf, George Leopold Celles, IV, George L. Celles, Henry Cole Gahagan, Jr., Sharon Tur-can Gahagan, Barney L. Kyzar, Emily Hardin Kyzar, Van Hardin Kyzar, Ramon Joseph Triche, Claudia Moore Triche and John B. Whitaker.

. LSA-R.S. 18:493: An action objecting to candidacy shall be commenced in a court of competent jurisdiction within ten days after the close of qualifications for candidates in the primary election, or within ten days after the date when the defendant filed notice of his candidacy, whichever is later. After the expiration of the later of the time periods set forth in this Section, no action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in R.S. 18:492.