DECUIR, Judge.
This is an election suit. The central issue is whether the physical boundaries of Cotile *681 School District No. 22A of Rapides Parish, a taxing district created by the Rapides Parish School Board, pursuant to R.S. 17:1371, were enlarged by the Rapides Parish Police Jury when the Police Jury moved the boundary line between Wards 5 and 7 of Rapides Parish.
Plaintiffs, Reeves Thompson, William Riggs, and Virginia Riggs, alleging to be qualified voters of Ward 7, brought suit against the Rapides Parish School Board pursuant to R.S. 18:1406 to nullify the results of a bond issue election held on January 15, 1994. The tax proposition passed by a single vote, 451 in favor of the bond issue, and 450 against the bond issue. The Riggs alleged that they were entitled to vote in the tax election and would have voted against the proposition but were prevented from voting by the commissioners at the polling place. Mr. Thompson alleged that he was a resident of Ward 7 and entitled to challenge the results of the election.
The taxing district, Cotile School District No. 22A of Rapides Parish, Louisiana, was created and ^established by an ordinance of the Rapides Parish School Board passed August 16, 1947, pursuant to R.S. 17:1371. At the time of the school board’s creation of Cotile School District No. 22A, its boundaries were nearly identical with the boundaries of Ward 7, a political subdivision of the parish created by the Rapides Parish Police Jury. The 1947 ordinance of the Rapides Parish School Board described the Cotile School District No. 22A as follows:
Beginning at the NE corner of T 3 N, R 3 W; thence in a direct line following a northwesterly direction to McNutt’s Hill; thence in a northeasterly and northerly direction following the ward line between Wards 7 and 8 to its intersection with the south bank of Red River; thence following up the right descending bank of Red River with its meanders through T 5 N, R 3 W and through T 6 N, R 3 W to the intersection of the parish line between Rapides and Natchitoches parishes; thence following along the line between Natchitoches and Rapides Parishes in a southwesterly direction to its intersection with the section line between Vernon and Rapides Parishes; thence along the line between Vernon and Rapides parishes in a southeasterly direction to the western boundary of T 3 N, R 4 W at the quarter-section corner of the west line of Section 7; thence in a southerly direction a distance of three-quarters (¾) of a mile along the west line of Sections 7 and 18 to its intersection with the center of Bayou Seiper; thence following along Bayou Seiper in a southeasterly direction a distance of one-half (½) mile; thence in a northeasterly direction along the Burr’s Ferry Road to its intersection with the northern boundary with T 3 N, R 4 W; thence in an easterly direction along the ward line between Wards 5 and 7 to the point of beginning.
The boundary in controversy is the boundary line described as “in an easterly direction along the ward line between Wards 5 and 7 to the point of beginning.” Subsequent to the creation of the Cotile School District No. 22A, the Highway Department extended Louisiana Highway 28 in a westerly direction from Garner, Louisiana approximately 1 mile south of the traditional boundary of Wards 5 and 7. After the highway was constructed, the Rapides Parish Police Jury moved the dividing line between Wards 5 and 7 of Rap-ides Parish in a southerly direction and established the new dividing line between these wards at the newly constructed extension of Louisiana Highway 28.
Is At the time of the election, the Riggs’ residence was clearly located in the confines of Ward 7, Rapides Parish, but were outside the originally drawn boundaries of Cotile School District No. 22A.
After a trial on the merits, the trial court ruled that the actions of the Rapides Parish Police Jury in moving the boundary line between Wards 5 and 7 of Rapides Parish, enlarged the boundaries of the Cotile 22A Taxing District created by the School Board. The trial court concluded that the Riggs’ property and residence was at the time of the January 15, 1994, tax election, within the geographical boundaries of Cotile 22A Tax District. The trial court determined that since the boundaries of the School Board *682 Taxing District had been enlarged that the Riggs’ property was going to be subject to the school tax; therefore, the Riggs were qualified electors in the election. From a judgment invalidating the January 15, 1994, election, and ordering a new election to be held on the bond issue, the School Board has appealed.
LSA-R.S. 17:1371 provides, in pertinent part, as follows:
A. Parish school boards may at any time create school districts composed of the parish as a whole or any part or parts thereof and may also, with the consent of the respective school boards of one or more adjoining parishes, create school districts composed of a part of the parish and a part or parts of such adjoining parishes, and shall have complete discretion in the fixing of the boundaries of all such school districts, but may not create a new school district within the parish if such new school district embraces part of any school district already existing within such parish, except as follows:
(1) A school district may be created comprising an entire parish even though there are existing school districts in such parish, and school districts may be created within a school district comprising the entire parish;
(2) A consolidated school district may be created within a parish and may include therein one or more existing school districts, with or without the addition thereto of territory not at the time lying within the boundaries of an existing school district, and school districts may be created with a consolidated school district;
(3) A school district may be enlarged through the addition thereto of territory not at the time lying within an existing district, and the original district and the district as so enlarged shall not be construed to be overlapping districts within the prohibition of this section;
(4) School districts may be created under the provisions of R.S. 17:1372 even though they overlap existing school districts
5(b) An existing district within the meaning of this subsection shall be understood to mean a school district theretofore created which has outstanding indebtedness or which has voted an unexpired special tax.
|4In Bradley v. McKnight, 392 So.2d 1081 (La.App.3rd Cir.1980), this court was confronted with a similar factual issue. In that suit, the plaintiffs were registered voters in Natchitoches Parish School District No. 1 and filed a mandamus suit pursuant to R.S. 18:197 to compel the Registrar of Voters to remove 13 voters from the rolls of Natchi-toches Parish School Board District No. 1. The plaintiffs contended that the challenged registrants actually resided within the limits of School Board District No. 10, and therefore were not qualified electors of School Board District No. 1.
School Board Districts No. 1 and 10 were established by a resolution of the Natchitoch-es Parish School Board in 1972. A map specifically outlining the boundary lines of the districts was attached to the resolution. The resolution adopted by the School Board clearly placed the challenged voters in School Board District No. 10. In Bradley, supra, the boundary description of District No. 1 clearly stated that one of the lines was along the city limits to a point of beginning.
In 1977, the City of Natchitoches annexed certain territory lying in School District No. 10 thereby extending the city limits eastward. The contested registrants all resided within the annexed area. The Natchitoches Parish School Board took no action after the annexation to change the area or limits of the School Board Districts Nos. 1 and 10. However, the Natchitoches Parish Registrar of Voters removed the challenged registrants from the registration rolls of School District No. 10 and placed | sthem on the registration rolls of School District No. 1. After a trial on the merits, the trial court rendered judgment denying the plaintiffs’ demand and the plaintiffs perfected the appeal.
In Bradley, this court recognized that only the School Board has authority to fix and refix boundaries of its districts. In reversing, we stated:
*683 The fact that the'1972 resolution included a map specifically delineating the boundaries of the district indicates that the school board did not intend to define flexible boundaries. Once a boundary line of a political entity is fixed along a pre-existing natural or artificial boundary, and that pre-existing boundary subsequently changes, it is presumed that the boundary of the political entity runs as it did at the time the boundary was fixed. See Parish of Caddo v. Parish of Bossier, 164 La. 378, 113 So. 882 (1927).
Due to the failure of the school board to take any subsequent action to change the boundaries of School District No. 1, we must conclude the boundaries of the district are the same as defined by the 1972 resolution. LSA-R.S. 17:1371 gives school boards the complete discretion in fixing the boundaries of its districts. Though the trial court specifically found that the registrar acted in good faith, a conclusion in which we concur, nonetheless only the school board has authority to fix and refix the boundaries of its districts and we must conclude, therefore, that the action of the registrar in changing the registration of the challenged registrants from School Board District No. 10 to School Board District No. 1 was ultra vires.
The present case is very similar to the factual situation in Bradley, supra. In this case, the School Board created Cotile School District No. 22A by ordinance passed August 6, 1947. The ordinance clearly described the boundaries of the Cotile School District No. 22A as fixed not flexible boundaries. Mr. Allen Nichols, Superintendent of the Rapides Parish School Board, testified that the boundaries of Cotile School District IrNo. 22A have not been altered by the Board since the district’s establishment in 1947.
Due to the failure of the School Board to take any subsequent action to change the boundaries of Cotile School District No. 22A, we conclude that the boundaries of the district are the same as defined by the 1947 ordinance. LSA-R.S. 17:1371 gives school boards complete discretion in fixing the boundaries of the districts. Subsequent action by the Police Jury as to the boundaries of Ward 7, had no effect upon the physical boundaries of Cotile School District No. 22A.
We observe in passing, that if the trial court’s decision is allowed to stand, this would create an overlap in school districts contrary to the specific provisions of LSA-R.S. 17:1371 which permits overlapping only in exceptional circumstances which the record indicates are not present in this case. This is so because the record reflects that the north boundary of Fifth Ward School District No. 51 of Rapides Parish established in 1936 is specifically fixed along the township line between T3N, R4W and T4N, R4W, and T3N, R3W and T4N, R3W.
The testimony and exhibits at the hearing clearly established that the Riggs’ residence is located south of Cotile School District No. 22A as it was established by the School Board in 1947. For this reason, William Riggs and Virginia Riggs were properly prohibited from voting in the tax bond issue of Cotile School District No. 22A.
For the above and foregoing reasons, the judgment of the district court is hereby reversed and set aside, and it is hereby ordered that the results of the January 15, 1994, election are held to be valid.

REVERSED AND RENDERED.