Dear Mr. Buschel:
On behalf of the District Five Road and Public Works Commission of St. Landry Parish (the "Road District No. 5"), you requested the opinion of this office concerning changes in Road District No. 5's boundaries and the effect thereof on the tax currently levied by Road District No. 5. You advised that Road District No. 5 gained approval from the voters to levy a tax for a period of ten years, of which two years remain. You further advised that the 2001 census shows a shortage of population such that the boundaries of Road District No. 5 must be changed. Your question is: since the current tax may only be levied within Road District No. 5's boundaries, can there be an election to impose the tax within the new boundaries?
As you advised, Act No. 785 of 1989 enacted R.S. 48:600.1 creating Road District No. 5 and providing in pertinent part as follows:
 A. . . . District Five Road Commission of St. Landry Parish, hereinafter referred to as the "commission", is hereby created. The boundaries of the commission shall be coterminous with the boundaries of Police Jury District Number Five of St. Landry Parish. . .
* * *
 D. (1) The commission shall be considered a political subdivision of the state of Louisiana, and is granted and shall have all the powers necessary to construct, acquire, operate, and maintain roads, bridges, and road drainage facilities in the parish, and without limitation, shall have all the rights, powers, and authority enumerated for road districts in Part II of Chapter 2 of Title 48. . . (Emphasis added)
Before discussing your specific question, we must first determine whether the boundaries of Road District No. 5 have even changed. As you noted, there was a change in population in the police jury districts, requiring the reapportionment of Police Jury District Number 5. While Road District No. 5's enabling legislation sets its boundaries the same as the boundaries of Police Jury District Number 5, we find that Road District No. 5's boundaries do not automatically change with those of Police Jury District Number 5. In this regard, we refer you to CapitalCity Oil Co. v. Day, 147 La. 734, 85 So. 888 (1920) wherein the Louisiana Supreme Court determined that where a levee districts boundaries were statutorily declared to be south of the city of Baton Rouge, and the City's boundary was moved further south, the levee district boundary did not change. The court stating in part:
 ". . . for, manifestly, the intention of said levee district act was that the limit of the district as thus fixed by it should be permanent. Its reference to the city of Baton Rouge was to the city as then existing, not as it should, or might be, in the future. The lower line of the city was adopted for the upper line of the district as being a legally established, well-known, and supposedly permanent line. An essential feature in the creation of a taxing district is the fixing of its limits. That these limits, a matter so vital, should be left to shift with the expansion or shrinkage of a city, or with the changes in the limits of some adjoining political subdivision of the state, is not to be thought of." (Emphasis added)
In Bradley v. McKnight, 392 So.2d 1081 (La.App. 3rd Cir. 1980), as quoted by Thompson v. Rapides Parish School Bd., 94-651 (La.App. 3 Cir. 5/18/94), 637 So.2d 680, the court stated:
 "Once a boundary line of a political entity is fixed
along a pre-existing natural or artificial boundary, and that pre-existing boundary subsequently changes, it is presumed that the boundary of the political entity runs as it did at the time the boundary was fixed. See Parish of Caddo v. Parish of Bossier, 164 La. 378, 113 So. 882 (1927). " (Emphasis added)
Accordingly, it is the opinion of this office that the boundaries of Road District No. 5 have not changed in light of the changes in population in St. Landry Parish; therefore, your question is moot. Should Road District No. 5 desire to change its boundaries, it could follow the procedures set forth in R.S. 48:577 pertaining to road districts generally.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: September 20, 2002