Dear Mr. Durant:
You have requested an opinion of this Office as to what becomes of a parish boundary line when that line is described as following a waterway that changes its course. The jurisprudence related to this issue makes a distinction between sudden changes in the course of a water body and those changes that occur slowly and imperceptibly.
The Louisiana Supreme Court has spoken directly to the issue of boundary disputes when sudden changes in a water course occur and we herein adopt its conclusions as our own. In Parish of Caddo v. Parish ofBossier, 113 So. 882 (La. 1927), the Supreme Court stated that, "[o]rdinarily, when the course of a river has been changed by natural or artificial means, the Legislature thereafter, in designating the river as a boundary, is presumed to refer to the river as it ran at the time it was made a boundary." This concept has been more recently supported by the Third Circuit in Thompson v. Rapides Parish School Board,637 So.2d 680, 94-651 (La.App. 3 Cir. 5/18/94). See also, River LandsFleeting Corp. v. Ashland Plantation, 502 So.2d 565 (La. 1987), Dixon, C.J., concurring.
The United States Supreme Court sets the standard for boundary disputes when the change occurs slowly over time and reaffirms theCaddo decision, supra, with respect to sudden changes. In this regard, the Court has stated,
 that when the bed and channel are changed by the natural and gradual processes known as erosion and accretion, the boundary follows the varying course of the stream; while if the stream from any cause, natural or artificial, suddenly leaves its old bed and forms a new one, by the process known as an avulsion, the resulting change of channel works no change of boundary, which remains in the middle of the old channel, although no water may be flowing in it, and irrespective of subsequent changes in the new channel.
State of Arkansas v. State of Tennessee, 246 U.S. 158 (1918). Although this case dealt with state boundaries, the Court made clear that the same principle applies to other boundaries set by reference to water courses.
Thus, the answer to your question is twofold. If the change in the course of the water body that is designated as a parish boundary is sudden, whether naturally or artificially, then it is our opinion that the parish boundary itself does not follow the change of the course of the water. However, if the change occurs slowly, over time, as a result of erosion or accretion, then it is our opinion that the parish boundary would follow the altered course of the water body. We suggest that your office coordinate with the experts in the State Land Office, Division of Administration, when questions arise as to parish boundaries in order that both agencies can work together to determine whether the referenced water body's course changed suddenly or slowly so that the correct law may be applied to a determination of the relevant parish boundaries.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:___________________ RYAN M. SEIDEMANN Assistant Attorney General
 CCF, Jr./RMS/tp