YARRUT, Judge.
This is a Primary Election contest and involves only the legal question: Whether votes cast for a withdrawn candidate, whose name appeared on the voting machine notwithstanding his timely withdrawal, should have been counted in determining which candidates were nominated in the'first primary, and which must enter a second primary.
Plaintiffs are three of thirteen candidates who qualified for nomination for five al-dermanic posts, two of whom claim they should be certified as nominated in the first, and not required to enter a second primary. They contend the Democratic Executive Committee for the City of Harahan was in error in counting the 207 votes cast for the withdrawn candidate, in certifying the first primary nominees and the second primary candidates. The undisputed facts are:
A Democratic primary election was held in the City of Harahan on April 7, 1962, to nominate candidates for Municipal offices of that city, included among which were five aldermanic positions.
Thirteen candidates qualified. Prior to the election, aldermanic candidate, Alton J. Bourg, legally withdrew from the contest, notwithstanding which his name appeared on the absentee and voting machine ballots, and 207 votes were cast for him. The voting machines would not register a vote for a candidate for alderman, unless the person *250 voting had voted for five aldermen. The official vote tabulation was:
Samuel J. Butera 489
Edward T. Caifarel 698
Clinton C. Cressionne 1,131
Edward C. Durr 695
Elven J. Foret 820
Roy Geoghegan 972
Walter E. Kollin 707
Lloyd B. Marshall 902
James D. Moore 344
Landry Murphy 941
Charles A. O’Neill 946
Alvin J. Saucier 737
Alton J. Bourg 207
The Democratic Executive Committee certified Clinton C. Cressionne and Roy Geoghegan as first primary winners, and certified (1) Landry Murphy, (2) Elven J. Foret, (3) Charles A. O’Neill, (4) Lloyd B. Marshall, (5) Alvin J. Saucier, and (6) Walter E. Kollin as candidates for the second primary.
Landry Murphy, Charles A. O’Neill and Lloyd B. Marshall then filed this suit, seeking to have Murphy and O’Neill also declared first primary winners; thus leaving only one alderman to be nominated in a second primary.
The Committee arrived at the majority vote needed for a candidate to win in the first primary by including in the total vote cast the 207 votes received by Bourg, the withdrawn candidate. In so doing, the Committee set the majority necessary for a candidate to win at 959 instead of 939.
The question presented is res nova and is : Should the votes cast for a legally withdrawn candidate be included in the total vote cast in arriving at the number of votes necessary to constitute a majority in a first primary election?
The lower court answered the question affirmatively and dismissed Plaintiffs’ suit.
LSA-R.S. 18:351, the Primary Election Law, reads as follows:
“Whenever in any political district or political subdivision there are two' or more officers of the same kind or character to be elected, such as two' or more senators to be elected from the same senatorial district, or two' or more representatives to the House of Representatives to be elected from the same representative district, or two or more district judges from the same judicial district, or two or more members of the school board or two or more justices of the peace, or two or more police jurors from the same ward, or two or more members of a party committee, each elector shall vote for as many candidates as there are places to be filled. Whenever an elector shall vote for a lesser number of candidates than there are places to be filled, the ballot shall not be counted for any one of the plural candidates voted for thereon, but shall be considered and counted as if no one of the plural candidates had been voted for. In other respects and for other offices the ballot shall be considered good, and shall be counted.
“This Section does not apply to nomination of candidates for the state senate in senatorial districts composed of two parishes wherein one senator is to be elected from each parish.”
The voting machines were accordingly set in such manner that they would not record a vote unless the voter cast his ballot for five. The language of the statute seems clear and unambiguous. A voter, to have his vote counted, had to vote for as many candidates as there were offices to be filled, in this election five.
LSA-R.S. 18:358, Primary Election Law, as amended, provides in Subsection (A) thereof, in part, as follows:
“After the committee has met and proclaimed the results as provided in this Part, if any candidate has failed to receive a majority of the votes cast for the office for which he was a can *251 didate * * * a second primary shall he held * *
The district judge reached a solution with which we agree, and quote the pertinent part as follows:
“This brings us to the * * * solution * * * to count all of the votes cast for each candidate on the ballot, including the withdrawn candidate, for the purpose of determining a majority. This is the solution the Committee has chosen. It appears this does violence to the provisions of LSA-R.S. 18:351 but it has considerable more support in law and reason.
“At first consideration of LSA-R.S. 18:351, the court was of the opinion that the prohibition contained therein against counting votes for candidates simply meant that a voter must vote the required amount of candidates among those whose names appeared on the ballot. Therefore if a voter were required to vote for five candidates, and he voted for four qualified candidates and one candidate who had withdrawn (or for any other reason was ineligible) but whose name was printed on the ballot, he had complied with the requirements of LSA-R.S. 18:351. The court notes that LSA-R.S. 18:351 at the end of paragraph one states:
“ ‘In other respects and for other offices the ballot shall be considered good, and shall be counted.’
“LSA-R.S. 18:358 provides for second primaries for local officers. Subsection (A) thereof recites:
“ ‘After the committee has met and proclaimed the results as provided in this Part, if any candidate has failed to receive a majority of the votes cast for the office for which he was a candidate * * * a second primary shall beheld * *
“With this proposition in mind, when these two sections of the election laws are read together, it would seem that the legislature makes a distinction by the use of the word ‘candidates’ in one section and the words ‘office for which he was a candidate’. In other words, a vote for an ineligible or withdrawn candidate could not count for him, but in determining the amount needed for a majority insofar as the other candidates were concerned, his votes must be added since they were votes ‘cast for the office for which he was a candidate’. This premise is based upon the fact that the voter could hardly be expected to be able to determine that a candidate whose name is on the ballot is a legally qualified candidate. The presumption is that if he is on the ballot he is legally qualified and an unsuspecting or unknowing voter would otherwise be deprived of his vote. Our courts have so held in a long line of cases.”
A logical example of the reasonableness of the conclusion reached by the district court is this situation: Of the three candidates contesting for the same office one receives 52% and the other two 30% and 18% respectively. The candidate receiving the 52%, or majority vote, ordinarily would be certified as the first primary winner. However, since he had properly withdrawn before the election, he could not be declared the winner. In this situation, if Plaintiffs’ contention were correct, the candidate with only 30% of the total vote cast would be declared the winner. Thus the 52% who unwittingly voted for the withdrawn candidate would be denied a voice in the election, and a candidate with only 30% of the vote cast made the nominee. This would be contrary to democratic process of free elections that all qualified voters should have equal opportunity to vote and have their votes counted and “count.”
For the reasons assigned, the judgment of the district court is affirmed; all costs to be' paid by Plaintiffs-Appellants.
Affirmed.