389 So.2d 102 (1980)
James A. WAYNE, Sr.
v.
Bernell GREEN et al.
No. 14042.
Court of Appeal of Louisiana, First Circuit.
September 25, 1980.
*103 James A. Wayne, in pro. per.
Victor Marcello, Donaldsonville, for James A. Wayne, for plaintiff-appellant.
Richard J. Brazan, Jr., Vacherie, and James Boren, Baton Rouge, for Bernell Green, for defendants-appellees.
Before COVINGTON, CHIASSON, EDWARDS, COLE and WATKINS, JJ.
PER CURIAM.
This is an appeal from a judgment of dismissal in an election contest suit. The trial judge found that appellant had failed to state a cause of action in his petition. Because we find the petition sufficiently sets forth a cause of action, we reverse and remand for trial on the merits.
Appellant James A. Wayne received fewer votes than appellee Burnell Green in the September 13, 1980 election for Ascension Parish School Board, District 1, Seat A. Appellant claims that but for serious irregularities and fraudulent acts occurring during the election, appellant would have won the primary election. Wayne seeks to be declared the winner of the election and alternatively asks that the election be declared null and void and that a new election be called.
The trial judge sustained the appellee's peremptory exception raising the objection of no cause of action, finding the petition to lack sufficient detail as to the alleged misconduct, the number of votes affected, and the effect on the outcome of the election.
It is well settled that general charges of fraud and irregularities are not sufficient to state a cause of action in an election contest suit. Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 102 So.2d 755 (1958); Garrison v. Connick, 291 So.2d 778 (La.1974). La.R.S. 18:1406 requires a plaintiff contesting an election to "set forth in detail the grounds for the objection or the contest."
Appellant's petition sets forth thirteen separate allegations of misconduct on the part of the appellee and his supporters. Although several of the charges are of a general nature we find that as a whole, the petition is specific enough to set forth a cause of action. Appellant is quite specific as to most of the charges, setting forth the names of the participants, the particular activity involved, and the exact location of the alleged wrong-doing.
In order to judicially challenge the result of a primary election the contestant must not only allege specific irregularity or fraud but must also show that the fraud or irregularity charged altered the result of the election. Moreau v. Tonry, 339 So.2d 3 (La. 1976). We disagree with the trial judge's finding that appellant's petition does not sufficiently allege that the various acts of misconduct affected the outcome of the election. Paragraph 5 of the appellant's petition reads as follows:
"5
"Petitioner shows that during the campaign and on election day, several Federal and State Laws were violated, and except for the irregularities and fraud in the conduct of the election the result would have been different and petitioner would not only qualify for the general election but would have been the winner *104 of the primary elections and the only candidate in the general election."
Appellant then lists the specific allegations in paragraph 7(A)-(M). We feel that paragraph 5 of the petition adequately asserts that the results of the election would have been different but for these specific acts of misconduct. It is unnecessary for the appellant to have included the "magic words" concerning the effect on the outcome of the election with each specific allegation.
For the foregoing reasons, the judgment of dismissal is reversed and the case is remanded for trial on the merits. Appellees are to pay all costs of these proceedings.
REVERSED AND REMANDED.