PER CURIAM.
The issue presented in this appeal is whether votes cast in a primary election for a legally withdrawn candidate for public office should be included in the total votes cast for all candidates in that particular race in arriving at the number of votes necessary to constitute a majority for declaring a winner. The trial court held the votes for the legally withdrawn candidate should be included in the total votes cast and granted appellee, James A. Wayne, Sr., injunctive and other relief. We affirm.
Three persons qualified for the position of school board member from District 1, Seat A, Ascension Parish, in the primary election held September 13, 1980. They were James A. Wayne, Sr., Bernell Green and Mary O. Julien. On August 19th, Mary 0. Julien legally withdrew from the contest but, notwithstanding that fact, her name *105 appeared on the absentee and voting machine ballots. Forty-seven (47) votes were cast for Ms. Julien, four hundred thirty-six (436) votes were cast for Wayne, and four hundred forty-four (444) votes were cast for Green.
The Board of Supervisors of Elections for the Parish of Ascension met on September 17th for the purpose of certifying to the Secretary of State the returns of the election. The Board voted to delete the name of Ms. Julien for the certification of votes to the Secretary of State thereby transmitting only the votes received by Wayne and Green. This, of course, would show Green as the winner of the primary election.
Responding to the relief sought by Wayne, the trial court granted a permanent injunction directed to defendants, Bernell Green, the Democratic Executive Committee of Ascension Parish, the Board of Supervisors of Elections for Ascension Parish, and James Brown, Secretary of State. The injunction prohibited defendants from certifying Bernell Green as the winner of the election. The trial court further ordered the Board of Supervisors of Elections to deliver to the Secretary of State the returns for all three of the candidates, including the votes cast for Ms. Julien. Finally, the trial court decreed, pursuant to R.S. 18:511, no candidate received a majority of the votes east for the office of School Board member, District 1, Seat A, Parish of Ascension, and, pursuant to R.S. 18:512, ordered the Secretary of State to call and certify a general election for the office and place the names of Green and Wayne on the official ballot for purposes of the general election to be held November 4, 1980. Green appeals.
Numerous errors are assigned.
Subpart E of Part IV of Chapter 5 of the Louisiana Election Code deals with the withdrawal of candidates. Section 502 thereof (R.S. 18:502) provides:
“A notice of withdrawal shall be effective when it is filed with the secretary of state, and the candidate who filed the notice no longer shall be qualified as a candidate in the election from which he withdrew. If the election ballot was printed with a withdrawn candidate’s name on it, any votes received by the withdrawn candidate shall be void.” (Emphasis supplied.)
Subpart F of Part IV of Chapter 5 of the Code deals with the election of candidates. Section 511(A) thereof [R.S. 18:511(A)] pertaining to a primary election provides in pertinent part:
“A. Majority vote. A candidate who receives a majority of the votes cast for an office in a primary election is elected.... ” (Emphasis supplied.)
We agree with appellee the issue here presented is identical to the one before the court in Murphy v. Democratic Executive Committee, 140 So.2d 249 (La.App. 4th Cir. 1962). Although the relevant statutes and the factual context varies as regards Murphy and the case now before us, we find the basic elements to be the same.
In Murphy, at p. 251, the court quoted the reasoning of the trial judge, agreeing with his solution to the problem:
“ ... [I]t would seem that the legislature makes a distinction by the use of the word ‘candidates’ in one section and the words ‘office for which he was a candidate’. In other words, a vote for an ineligible or withdrawn candidate could not count for him but in determining the amount needed for a majority insofar as the other candidates are concerned, his votes must be added since they were votes ‘east for the office for which he was a candidate’.”
Our examination of the statutory structure of the Louisiana Election Code and the ease with which Sections 502 and 511(A) thereof may be reconciled, fortified, by the reasoning of Murphy, leads to the conclusion that neither Green nor Wayne received the necessary majority to be declared a winner in the primary election. It follows that the relief afforded by the trial court to appellee is necessary and proper to effectuate the intént of the law and place the election machinery in operation for that purpose. See also, 26 Am.Jur.2d Elections §293.
*106 Our review of the various exceptions filed by appellant satisfies us there are no valid procedural or substantive impediments to our consideration of the merits in this matter. Accordingly, the judgment of the trial court is affirmed. Appellant is cast for all costs.
AFFIRMED.