FORET, Judge.
In this appeal we are asked to determine whether votes cast for a candidate who died before the primary election are to be counted in arriving at the number of votes which constitutes a majority of the votes cast in the election. The trial court agreed with the plaintiff and held that the votes cast for the deceased candidate are to be counted. Therefore, the trial court granted a permanent injunction and ordered that a runoff election be held. We reverse.
The factual background of this case is undisputed. Alton Broussard, Murphy Fisher, and Pat Miller qualified as candidates for the office of St. Landry Parish Police Juror, District 3. Murphy Fisher died on October 9, 1987.
In accord with the provisions of LSA-R.S. 18:469 qualifications were reopened for the requisite period of time, however, no other candidates qualified.
In the primary election held on October 24, 1987, all three original candidates were listed on the ballots. The election results were as follows: Pat Miller received One Thousand Two Hundred and Eighty-One *766 (1,281) votes; Alton Broussard received One-Thousand One Hundred and Ninety-Five (1,195) votes; and Murphy Fisher, the deceased candidate, received One Hundred and Thirty (130) votes.
The Board of Election Supervisors for St. Landry Parish (hereinafter the Board), certified the election returns to the Secretary of State. The Board certified only the votes cast for Broussard and Miller. Thus, in effect, Miller was declared the winner.
Alton Broussard initiated the instant election suit on October 30, 1987. Plaintiff requested that the court determine if the votes for the deceased candidate should be counted for determining the majority required to declare a winner. He prayed for injunctive relief enjoining, prohibiting, and restraining the Board and Secretary of State from certifying Miller as the winner and for an order requiring a runoff election to be held.
The trial court ruled that on the basis of LSA-R.S. 18:469(A), LSA-R.S. 18:511(A), and Wayne v. Green, 389 So.2d 104 (La. App. 1st Cir.1980), writ denied 390 So.2d 494 (La.1980), no candidate had received a majority of votes, and accordingly, the trial court issued a permanent injunction directed to the St. Landry Parish Board of Elections Supervisors and the Secretary of State enjoining their certification of Pat Miller as the winner. The trial court also ordered that a runoff election be held on November 12, 1987, between Alton Brous-sard and Pat Miller. Miller appeals this judgment.
This case turns on statutory interpretation. LSA-R.S. 18:511(A), in pertinent part, reads that, “A candidate who receives a majority of the vote's cast for an office in a primary election is elected.” Thus, in the instant suit, we must determine if the “votes cast for an office” include votes cast for a deceased candidate. We hold it does not.
LSA-R.S. 18:469(A), in pertinent part, states that, “If the primary election ballot was printed with the deceased candidate’s name on it, any votes received by the deceased candidate shall be void.” Therefore, this court must determine what the legislature intended by the word “void”. In our opinion, the legislature has clarified this language, as will be shown below.
In Wayne v. Green, supra, the court was faced with a strikingly similar situation. In Wayne, a withdrawn candidate had received votes, leaving the court facing the same problem as presented by the instant suit regarding the computation of the majority of votes cast. The pertinent part of the statute on withdrawn candidates read at the time of the Wayne decision as follows: “If the election ballot was printed with a withdrawn candidate’s name on it, any votes received by the withdrawn candidate shall be void.” LSA-R.S. 18:501(A). This wording is almost identical to the portion of R.S. 18:469(A) quoted above. The court in Wayne found that “void” in § 502 did not mean “void” for purposes of § 511 ... (“majority of votes cast”.)
While the Supreme Court affirmed Wayne, three justices dissented, including Justice Lemmon who urged the legislature to clarify this ambiguity. This was done when the legislature in 1981 amended § 502 to read, “If the election ballot was printed with a withdrawn candidate’s name on it, any votes received by the withdrawn candidate shall be null and void and shall not be counted for any purpose whatsoever.” (Emphasis added.) Obviously, the Louisiana legislature was telling the courts that: “void” meant void, of no consequence, as if the votes had never been cast.
Accordingly, the judgment of the trial court is reversed. The total number of votes cast for Broussard and Miller was Two Thousand Four Hundred and Seventy-Six (2,476) votes. Miller received 1,281 votes, a clear majority of the votes count ed.
Accordingly, IT IS HEREBY ORDERED that the permanent injunction be dissolved, and that Pat Miller be certified the winner of the office of Police Juror for St. Landry Parish, District 3.
REVERSED AND RENDERED.