971 So.2d 1191 (2007)
David R.M. WILLIAMS
v.
Arthur MORRELL, in his official capacity as the Clerk of Criminal Court for the Parish of Orleans, Jay Dardenne, in his official capacity as the Secretary of State for the State of Louisiana, Sandra Wilson, Etc.
No. 2007-CA-1447.
Court of Appeal of Louisiana, Fourth Circuit.
November 9, 2007.
*1192 Dominic N. Varrecchio, New Orleans, LA, for Plaintiff/Appellant.
Terrel J. Broussard, Montgomery Barnett Brown Read Hammond & Mintz, James Gray II, Gray & Gray, A.P.L.C., Ernest Jones, Elie & Jones & Associates, New Orleans, LA, for Cheryl Gray.
William E. Crawford, Jr., Merietta Spencer Norton, Office of the Secretary of State, Baton Rouge, LA, for Jay Dardenne.
Charles C. Foti, Jr., Attorney General, William P. Bryan III, Assistant Attorney General, Baton Rouge, LA, for Sandra Wilson.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR., and Judge ROLAND L. BELSOME).
DENNIS R. BAGNERIS, SR., Judge.
The Appellant, David Williams, appeals the judgment of the district court granting the Appellees' exceptions of no cause of action resulting in the dismissal of the Appellant's claim. For the reasons stated herein, we affirm the judgment of the district court.
Mr. Williams was a candidate for Louisiana Senator District 5 in Orleans Parish. A primary election was held on October 20, 2007 in which Mr. Williams received 3,615 *1193 votes. The other candidates received the following votes: Cheryl Gray, 4,929; Jalila Jefferson-Bullock, 3,665 and Irma Muse Dixon, 1,840. A run-off between Ms. Gray and Ms. Jefferson-Bullock is scheduled for November 17, 2007.
On October 26, 2007, Mr. Williams filed a Petition to Contest Election, Petition to Declare Statute Unconstitutional, or in the Alternative, Void and Request for Temporary Restraining Order against Arthur Morrell, Clerk of Criminal Court for the Parish of Orleans; Jay Dardenne, in his official capacity of Secretary of State; Sandra Wilson, as Registrar of Voters for the Parish of Orleans, and the State of Louisiana. Mr. Williams later amended his petition to add Cheryl Gray and Jalila Jefferson-Bullock as defendants.
In response to Mr. Williams' petition, the Secretary of State filed an exception of no cause of action, exception of improper cumulation, motion to quash plaintiff's discovery and a motion to release the voting machines. Ms. Gray filed an exception of no right of action and no cause of action. Sandra Wilson filed a peremptory exception of no right of action, no cause of action, and improper joinder of parties, and a motion to quash plaintiff's discovery. Arthur Morrell filed a motion to adopt the motions and exceptions filed by the Secretary of State.
The district court rendered judgment on November 5, 2007, denying Ms. Gray's motion for involuntary dismissal and the Secretary of State's exception of improper cumulation. However, the district court granted the exceptions of no cause of action dismissing Mr. Williams' claim with prejudice and at his cost. It is from this judgment that Mr. Williams timely appeals.
Mr. Williams asserts four issues for this Court to review: (1) whether the petition, as amended, states a cause of action for relief; (2) whether a failure to give notice of the withdrawal of a candidate whose name appears on the ballot, in violation of La. R.S. 18:503, can serve as a basis for an election contest; (3) whether the petition, as amended, alleges irregularities in the conduct of the election sufficient, in themselves or in the effect, to serve as a basis for an election contest; and (4) whether the petition, as amended, alleges irregularities in the conduct of the election, and the effect of those irregularities, with sufficient specificity.
In his petition, Mr. Williams asserts that Andrew Gressett lawfully withdrew from the election approximately four weeks prior to the primaries and that his name remained on the ballot causing Mr. Williams to lose out on many votes. Mr. Williams further asserts numerous allegations of irregularities that he maintains are arguable under La. R.S. 18:503[1], including, but not limited to, failure of the Clerk of Court and Secretary of State to post notices of Gressett's withdrawal, alleged canvassing by the Registrar of Voters and Secretary of State, broken voting machines and the "purging" of voters by the Secretary of State.
We find that the issue before this court is whether the district court properly granted the defendants' exceptions of no cause of action.
LSA-R.S. 18:1406(B) states:

*1194 The petition shall set forth in specific detail the facts upon which the objection or contest is based. If the action contests an election, the petition shall allege that except for substantial irregularities or error, fraud, or other unlawful activities in the conduct of the election, the petitioner would have qualified for a second party primary election or for a general election or would have been elected. The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.
The district court reasoned that while "the plaintiff presented arguments, he presented no authority or evidence of the alleged unconstitutionality of La. R.S. 18:503.[2]" Further, the district court concluded in open court that ". . . the Election Code and the law clearly requires and mandates that you (petitioner) state specifically what the allegations, what the irregularities are. I think you've got to show that they're so favored and so flawed that they would reverse the election."
"[T]he jurisprudence on election contests states that a petition challenging an election must allege particularized instances of irregularities, fraud, or wrongdoing, in detail sufficient to permit the contestee to prepare a defense thereto." Gremillion v. Rinaudo, 240 So.2d 237 (La.App. 1 Cir.1970). However, our jurisprudence indicates that general charges of fraud and irregularities are not sufficient to state a cause of action in an election contest suit. Wayne v. Green, 389 So.2d 102 (La.App. 1 Cir.1980); Garrison v. Connick, 291 So.2d 778 (La.1974); and Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 102 So.2d 755 (1958). Higginbotham v. Morris 33,506 (La.App. 2 Cir.12/9/1999), 749 So.2d 840, 843.
The Plaintiff's petition makes general allegations of irregularities and fails to offer facts sufficient to sustain a remedy in light of the La. R.S. 18:503. On the face of Mr. Williams' petition, he did not provide the district court with a cause of action wherein he can offer evidence that would cause the reversal of the election.

Decree
For the reasons stated herein, we find no error by the district court and affirm its judgment dismissing Mr. Williams' claim.
AFFIRMED.
JONES, J., concurs.
LOVE, J., concurs.
TOBIAS, J., concurs in the result and assigns reasons.
LOMBARD, J., concurs.
MURRAY, J., dissents and assigns reasons.
McKAY, J., dissents.
GORBATY, J., dissents for the reasons assigned by Judge MURRAY.
CANNIZZARO, J., dissents and assigns reasons.
BELSOME, J., dissents with reasons.
JONES, J., concurs.
I respectfully concur for the reasons assigned by Judge Lombard.
LOVE, J., concurs.
I concur for the reasons assigned by Judge Lombard.
TOBIAS, J., concurs in the result and assigns reasons.
I respectfully concur in the result.
*1195 I find that the plaintiff/appellant's petition states a cause of action. Ergo, the trial court was in error granting the peremptory exception of no cause of action. Given the time constraints for election contests set forth in La. R.S. 18:1409,[1] the plaintiff/appellant was obligated to proffer the evidence that he would have presented at the trial of the merits of his case. When the trial court refused to allow the plaintiff/appellant to proffer the evidence, something that the trial court was required by La. C.C.P. art. 1636 to do, the trial court again erred as a matter of law. At that point, it was incumbent upon the plaintiff/appellant to seek a writ of mandamus, La.C.C.P. art. 3861, et seq., from this court to order the trial court to permit him to proffer the evidence. The plaintiff/appellant appealed without seeking a writ of mandamus. The appeal divested the trial court of jurisdiction over the case. La. C.C.P. art. 2088. At this stage of the proceedings and specific facts of this case, the law affords the plaintiff/appellant no procedural relief, even considering the provisions of La. C.C.P. art. 2164.
LOMBARD, J., concurs.
I concur in the decision to affirm the district court judgment. I am, however, disturbed by the allegation of a voter canvass conducted by the Secretary of State on election day. Such activities, if true, have a chilling effect on the voter, discouraging and often denying a citizen's constitutional right to vote.
MURRAY, J., dissents and assigns reasons.
In my view, the petition in the instant case alleges irregularities sufficient to state a cause of action under La. R.S. 18:1401(B). That statute provides, in pertinent part:
§ 1401 Objections to candidacy and contests of elections; parties authorized to institute actions
* * * *
B. A candidate who alleges that, except for substantial irregularities or error, or except for fraud or other unlawful activities in the conduct of the election, he would have qualified for a second party primary election or for a general election or would have been elected may bring an action contesting the election.
This is the appropriate statute to look to in determining whether Mr. Williams' petition states a cause of action recognized by law. Despite the majority's focus upon R.S. 18:503, the petitioner does not merely allege that the clerk of court failed to post notice of the withdrawal of candidate Andrew Gressett at the polling places. He alleges that this failure, coupled with the clerk's posting of notice at those same polling places of the withdrawal of other candidates from other races (including candidates who withdrew after the date of Mr. Gressett's withdrawal) misled the electorate to the extent that nearly ten percent of the votes cast in this particular race were cast for Mr. Gressett. Although La. R.S. 18:503 provides that the failure of the clerk to post notice shall not void the election, the petitioner herein has alleged irregularities that go beyond the mere failure to post notice. In particular, he alleges that an illegal "canvass" of the electorate improperly removed registered voters from District 5 and added other voters to the district in numbers sufficient to change the outcome of the election. He also alleges that a significant number of those voters *1196 who showed up at the polls were required to fill out and sign a verification of address form, which intimidated many voters and caused them to abandon their intention of voting.
In Jenkins v. Williamson-Butler, 04-1726 (La.App. 4 Cir. 10/8/04), 883 So.2d 537, this court noted that the law no longer requires the challenger in an election contest to prove "but for" the alleged Irregularities, he would have prevailed. Instead, a candidate contesting an election must show that because of the irregularities, the outcome of the election is impossible to determine. 04-1726, p. 4, 883 So.2d at 540 (citations omitted). Moreover, we stated:
A trial judge is not limited to strictly numerical considerations in declaring an election void. . . . [In making that a determination] "a judge can and should consider whether the proven frauds or irregularities are of such a serious nature so as to deprive the voters of the free expression of their will."
Id. (citation omitted)
I believe the irregularities alleged by the petitioner herein are sufficiently serious to potentially affect the outcome of the election. Therefore, the trial court erred by dismissing the petition on the basis of the exceptions of no cause of action. Whether the petitioner is able to prove his allegations remains to be seen, as he was precluded from putting on any evidence in the trial court.
Accordingly, I would reverse the trial court's granting of the exceptions of no cause of action and remand to that court for trial. Due to the approaching "runoff" election date, I would also order the trial court to postpone that election pursuant to the provisions of La. R.S. 18:1409(B).
For these reasons I respectfully dissent from the holding of the majority.
McKAY, J., dissents.
I dissent for the reasons assigned by Judge Murray.
GORBATY, J., dissents for the reasons assigned by Judge MURRAY.
CANNIZZARO, J., dissents and assigns reasons.
I respectfully dissent and adopt the reasons assigned by Judge Murray. I write separately to address the concurring opinion of Judge Tobias.
Nowhere in the Louisiana Code of Civil Procedure does it mandate an attorney to proffer the evidence he would have presented at the trial once a trial judge grants an adverse peremptory exception of no cause of action. It is undisputed that an exception of no cause of action is decided on the four corners of the petition. Industrial Co., Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207. La. C.C.P. art. 931 mandates that there be no evidence presented in support of or in opposition to the exception of the no cause of action. If the exception is improperly sustained, then the plaintiff should be afforded the opportunity to present his evidence before the judge at the trial of the matter. Nor is it required that, if a plaintiff is unsuccessful with regard to an exception of no cause of action, that he is then obligated in any way to proffer the evidence he would have presented at the trial on the matter. Applying these principles to the case at hand, the plaintiff in the instant case, as was his right, took a timely appeal from the adverse ruling to this court. To dismiss the plaintiff's appeal because he does not proffer evidence or object and appeal the denial of a proffer of evidence sets forth principles of law not expounded in the Louisiana Election Code, La. R.S. 18:1, et seq., or the Louisiana Code of Civil Procedure.
*1197 I recognize a need for swift justice in cases involving elections. Notwithstanding, the overriding concern should be to ensure that the will of the electorate is constitutionally protected.
BELSOME, J., dissents with reasons.
I respectfully dissent and adopt the reasons assigned by Judge Murray. However, I disagree with the postponement of the election. I would remand the matter to the district court for an immediate trial on the merits in an effort to avoid a delay of the upcoming election.
NOTES
[1] If the election ballot was printed with a withdrawn candidate's name on it, the clerk of court of any parish where such ballot will be used shall, to the extent possible, cause notice to be made of the withdrawal of such candidate at any polling place where the candidate's name appears on the ballot. Failure to provide such notice of withdrawal shall not void the election.
[2] November 5, 2007 Written Reasons for Judgment.
[1] Trial shall begin at 10:00 a.m. no later than the fourth day following the filing of the petition. La. R.S. 18:1409 A(1).