STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CE 0810

WHITNEY HIGGINBOTHAM GREENE

VERSUS

KYLE ARDOIN IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE
FOR THE STATE OF LOUISIANA, AND JOHNELL MATTHEWS

Judgment Rendered:  **SEP 1 1 2020**

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 699058

Honorable William A. Morvant, Judge

* * * * * *

| | |
|---|---|
| Whitney Higginbotham Greene<br>Baton Rouge, LA | Plaintiff/Appellant<br>In Proper Person |
| Ray L. Wood<br>Baton Rouge, LA | Counsel for<br>Defendant/Appellee<br>Kyle Ardoin, in his Official<br>Capacity as Louisiana Secretary<br>of State |
| Mary Olive Pierson<br>Baton Rouge, LA | Counsel for<br>Defendant/Appellee<br>Johnell Matthews |
| Leona E. Scoular<br>Zachary, LA | |

* * * * * *

**BEFORE:  GUIDRY, THERIOT, HOLDRIDGE, CHUTZ, AND WOLFE, JJ.**

Guidry, J. concurs and assigns reasons writ.
Holdridge J. concurs in the result and assigns reasons writ
Chutz J. concurs for the reasons assigned
by J. Holdridge writ.

**THERIOT, J.**

Johnell Matthews was declared the winner of the August 15, 2020 general election for Baton Rouge City Court Judge Division "C." On August 24, 2020, her opponent, Whitney Higginbotham Greene, filed a "Petition to Contest Election for Baton Rouge City Court Judge Division 'C' held August 15, 2020 and Injunctive Relief to Prevent a Constitutionally Barred Candidate from Taking Office." After a contradictory hearing on September 2, 2020, the trial court dismissed the petition with prejudice. We affirm.

## PROCEDURAL HISTORY

Qualifying for Baton Rouge City Court Judge Division "C" occurred between January 8, 2020 and January 10, 2020. Plaintiff/Appellant, Whitney Higginbotham Greene ("Greene"), was one of five candidates who qualified for the judicial seat. Johnell Matthews ("Matthews") also qualified for the seat. No challenge to Matthews' candidacy was filed. The primary election was scheduled for April 4, 2020, but was postponed twice due to executive orders of the Governor based on the COVID-19 pandemic. The primary election was eventually held on July 11, 2020. Greene and Matthews received the most votes, qualifying them to run in the general election scheduled for August 15, 2020. Matthews received the majority of the votes during the August 15, 2020 general election and was elected to the seat.

Thereafter, Greene filed the instant suit alleging it is an election contest challenging the results of the August 15, 2020 general election pursuant to La. R.S. 18:1401(B). The petition was met with various exceptions, including: dilatory exceptions raising the objections of improper cumulation of actions and nonconformity of the petition with any of the requirements of Article 891 and peremptory exceptions raising the objections of no cause of action, res judicata,

2

peremption, and no right of action.[1] After a hearing, the trial court sustained the peremptory exception of no cause of action as to Secretary of State Kyle Ardoin in his official capacity and dismissed him from the suit. The court then rendered judgment on the merits, dismissing the petition to contest election with prejudice, at Greene's costs.

On September 10, 2020, Matthews filed a declinatory exception raising the objection of lack of subject matter jurisdiction with this court. Matthews alleges that on September 9, 2020, the Governor of Louisiana, John Bel Edwards, issued a commission to her to sit as Baton Rouge City Court Judge Division "C." Following the issuance of the commission, Matthews was sworn into office by Mary Olive Pierson, a notary public.[2]

## DISCUSSION

### Exception of Lack of Subject Matter Jurisdiction

Matthews argues that this court lacks subject matter jurisdiction over any request to remove her from office citing Louisiana Constitution article 5, Section 25. We agree. A judge may be removed solely by the exercise of the Louisiana Supreme Court's original juridiction. **In re Hunter**, 2002-1975 (La. 8/19/02), 823 So.2d 325, 327-28; **In re Wingerter**, 621 So.2d 1098, 1101 (La. 1993) (*per curiam*). Accordingly, the exception of lack of subject matter jurisdiction is sustained with respect to the request to remove her from office.

---

[1] Matthews' exceptions raising the objections of no right of action and res judicata were overruled and her exception of no cause of action was deferred to the merits. The dilatory exceptions were deferred and not considered. The judgment is silent as to the exception raising the objection of peremption.

[2] At the hearing, the parties acknowledged that Matthews has been sworn in, and we take judicial notice of this fact pursuant to La. Code Evid. arts. 201-202.

## Election Challenge

Although Greene raises multiple issues in this appeal, we find the following issue dispositive: whether the trial court erred by dismissing Greene's petition as an untimely challenge to the qualifications of a candidate.[3]

Louisiana Revised Statute 18:1401(B) provides, "[a] candidate who alleges that, except for substantial irregularities or error, or except for fraud or other unlawful activities in the conduct of the election, he would have qualified for a general election or would have been elected may bring an action contesting the election." Greene steadfastly characterizes her suit as one contesting the election. We find the substance of the allegations in Greene's petition, however, to be an objection to Matthews' candidacy.

Paragraph 9 of Greene's petition alleges "[i]t is unlawful for JOHNELL MATTHEWS to hold the office of judge and it was an error or an irregularity for her to have been on the August 15, 2020 ballot if she was not a viable *candidate* to serve as judge." (Emphasis added). The petition clearly challenges Matthews' qualifications as a candidate for city court judge based on age.[4] Greene does not allege any irregularity in the conduct of the election. A petition challenging an election must allege particularized instances of irregularities, fraud, or wrongdoing, in detail. **Wayne v. Green**, 389 So.2d 102, 103 (La. App. 1st Cir.) (*per curiam*), writ denied, 390 So.2d 494 (La. 1980); **Williams v. Morrell**, 2007-1447 (La. App. 4th Cir. 11/9/07), 971 So.2d 1191, 1194. In this matter, there are no averments concerning, for example, voter irregularities, misconduct at the polls, voting machine malfunctions, or fraud.

A party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election suits. **Jackson v. Myer**, 2010-2108

---

[3] Assignments of error numbers one and two were not briefed and are thereby considered abandoned on appeal. Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4).

[4] We find it unnecessary to expound on age, maximum or minimum, as a *qualification* for running for city court judge.

(La. App. 1st Cir. 11/19/10), 52 So.3d 271, 272. The legislature in drafting and enacting the Election Code sought to expedite contests involving candidacy. The short time delays are in the interest of the electorate, not the private litigants. **Jackson**, 52 So.3d at 272.

An action objecting to candidacy shall be instituted not later than 4:30 p.m. of the seventh day after the close of qualifications for candidates in the primary election. La. R.S. 18:1405(A). After the time period set forth in this Section, no further action shall be commenced objecting to candidacy based on the grounds contained in La. R.S. 18:492. La. R.S. 18:493. Louisiana Revised Statute 18:492(A)(3) provides as a ground for objecting to candidacy of a candidate who has qualified for a primary election that "the defendant does not meet the qualifications for the office he seeks in the primary election" and Section 492(A)(4) provides as an additional ground that "the defendant is prohibited by law from becoming a candidate for one or more offices for which he has qualified." Greene argues that none of the grounds in Section 492 apply because the defect in Matthews' candidacy did not exist at qualifying or within seven (7) days of her qualifying.

Notwithstanding that Greene's petition proclaims this is not an objection to candidacy, Paragraph 10 of her petition relies upon La. R.S. 18:451, which provides that "[a] person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election," then emphasizes, "**[e]xcept as otherwise provided by law,** a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office." The petition then states that "Johnell Matthews is ineligible to hold or assume the office of judge per Louisiana Constitution article V, Section 23(B) because she ha[d] attained the age of seventy (70) years at the time of election and is prohibited from starting a new judicial term." Particularly

5

as the allegations relate to the Secretary of State, Paragraph 19 of the petition states, in pertinent part:

> [I]t is erroneous, substantially irregular, and unlawful for JOHNELL MATTHEWS to have been on the August 15, 2020, ballot when the Louisiana Constitution will not allow for her to serve as judge. Secretary of State, KYLE ARDOIN, was aware that JOHNELL MATTHEWS had attained the age of 70 prior to the general election…and failed to address or remove the complication. The Secretary of State presented her to the voters as a viable candidate, so the voters assumed she could serve. … Further, the Secretary of State "knowingly permitted" a constitutionally barred candidate to be on the ballot on August 15, 2020, and therefore participated in and facilitated an unlawful, irregular, and erroneous election.

Hence, we find, as did the trial court, that the essence of this claim is to challenge Matthews' qualifications for the office of Baton Rouge City Court Judge Division "C." This conclusion is bolstered by Greene's contention that Matthews should not have been on the ballot.

Although we find it unnecessary to elaborate on the trial court's ruling dismissing the Secretary of State on the exception of no cause of action, in light of our ultimate disposition of this matter, we conclude that the trial court did not err in this regard. Louisiana Revised Statute 18:551(C)(1)(a) specifies, "[i]n a primary election only the names of candidates who qualified for election and *were not subsequently disqualified by a judgment rendered in an action objecting to candidacy* shall be listed on the ballot." (Emphasis added). Matthews has never been disqualified from candidacy by a court judgment. As it pertains to the general election, "the candidates who qualify for each office remaining to be filled in the general election, are those who receive the two highest number of votes…until the maximum number of candidates for each office on the general election ballot is reached." La. R.S. 18:481. No one disputes that Greene and Matthews received the highest number of votes in the primary election, thus qualifying them to be named on the general election ballot. The Election Code required the Secretary of

6

State to place Matthews' name on the ballot; therefore, he did not "participate in or facilitate an unlawful, irregular or erroneous election."

Greene attempts to fit the age argument into the "substantial irregularities or error, fraud, or other irregular activities" in the conduct of the election provision of La. R.S. 18:1401(B), but it does not fit. At the hearing, Greene argued the election was illegal because Matthews cannot serve. Again, the alleged defect in Matthews' ability to serve is her age based on Louisiana Constitution article V, Section 23(B). We find it unnecessary to speculate about whether this constitutional provision entitled, "Judges: Mandatory Retirement," was intended to apply to persons who are not judges, but nevertheless note that this constitutional provision was in effect *prior* to the election.

We also find unpersuasive Greene's argument that she could not bring this challenge prior to the Louisiana Supreme Court's decision in **Clark v. State of Louisiana**, 2020-00914 (La. 7/21/20), __ So.3d __, 2020 WL 4251388. **Clark** involved a declaratory judgment action *filed before qualifying* by incumbent judges over the age of seventy who intended to qualify and run for re-election in challenge of/to the mandatory retirement age. Despite denying the characterization of this suit as one challenging qualifications, Greene then argues that there is jurisprudence which allows a constitutional challenge to a person's candidacy following an election, and such challenge is not subject to the Election Code's time limitations, citing **Kavanagh v. Hebron**, 2019-28 (La. App. 3d Cir. 1/24/19), 266 So.3d 338, writ denied, 2019-0219 (La. 3/18/19), 267 So.3d 95. In **Kavanagh**, the losing candidate brought an action against an opposing candidate, who won, seeking an injunction to prevent him from taking office, based on a prohibitory provision in the Louisiana Constitution.[5] We find **Kavanagh** distinguishable.

---

[5] Coincidentally, on the same date as the Kavanagh-Hebron election, Louisiana citizens voted to approve a new constitutional amendment, La. Const. art. 1, § 10.1, to prohibit a convicted felon from qualifying for *and* holding public office until more than five years have elapsed since the completion of the sentence. Hebron, a convicted felon, completed his sentence on December 18,

First and foremost, unlike in the instant suit, Kavanagh's petition did not invoke the Election Code. As the court observed, Kavanagh "asserts and has always asserted that his request for an injuntion does not fall under the Election Code," and he did not "bring suit to challenge the election for fraud or irregularity in the election process." **Kavanagh**, 266 So.3d at 346.[6]

Unlike in **Kavanagh**, Greene has persistently characterized her suit as a contest to an election. Greene has invoked the Election Code, sued the Secretary of State, and requests that Matthews "withdraw her candidacy" so that she can be "declared the winner." We find, as did the trial court, that despite Greene's assertions, the essence of her claim is to challenge Matthews' qualificatons to be a candidate for Baton Rouge City Court Judge Division "C." The time period set forth in La. R.S. 18:1405 and 18:493 is a peremptive time period; thus, Greene's challenge to Matthews' candidacy is untimely.[7]

**Claims for Declaratory Judgment and Injunctive Relief**

Greene's claims for declaratory judgment or injunctive relief are pretermitted, as Matthews has been sworn in as Baton Rouge City Court Judge Division "C." Any decision by this court pertaining to whether Matthews can serve will have no practical effect, as that is within the purview of the Louisiana Supreme Court. Accordingly, those claims are pretermitted.

For the reasons discussed above, the exception of lack of subject matter jurisdiction is granted and the judgment of the trial court is affirmed at appellant's costs.

**EXCEPTION GRANTED; AFFIRMED.**

---

2017; thus, the court held he would not be able to lawfully hold office when required to do so in January 2019.

[6] We, likewise, find **State v. Gibson**, 2012-1145 (La. 1/29/13), 107 So.3d 574 distinguishable for the same reasons.

[7] While the trial court, as previously discussed, failed to expressly rule on the exception of peremption below, for the foregoing reasons, we find the objection to be decisive of the matter before us. See also La. Code Civ. P. art. 927(B) (recognizing that the exception of peremption may be noticed by an appellate court on its own motion.)

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CE 0810

WHITNEY HIGGINBOTHAM GREENE

VERSUS

KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE
FOR THE STATE OF LOUISIANA, AND JOHNELL MATTHEWS

**GUIDRY, J., concurs and assigns reasons.**

**GUIDRY, J., concurring.**

I agree with the majority; however, I write separately to address the

constitutional issues presented.

In this matter, appellant argues that La. Const. art. V, § 23(B) and the

Supreme Court's recent opinion in Clark v. State of Louisiana, 2020-0914 (La.

7/21/20), --- So. 3d ---, prohibits Johnell Matthews from serving as a judge.

Because Matthews was not a viable candidate to serve as a judge, as argued by

appellant, "it was an error or an irregularity for her to have been on the August 15,

2020 ballot." This argument is flawed.

Article V, § 23 of the Constitution of 1974 provides as follows:

(A) Retirement System. Within two years after the effective date of
this constitution, the legislature shall provide for a retirement system
for judges which shall apply to a judge taking office after the effective
date of the law enacting the system and in which a judge in office at
that time may elect to become a member, with credit for all prior years
of judicial service and without contribution therefor. The retirement
benefits and judicial service rights of a judge in office or retired on the
effective date of this constitution shall not be diminished, nor shall the
benefits to which a surviving spouse is entitled be reduced.

(B) Mandatory Retirement. Except as otherwise provided in this
Section, a judge shall not remain in office beyond his seventieth
birthday. A judge who attains seventy years of age while serving a
term of office shall be allowed to complete that term of office.

1

Section 23 expressly applies to *judges*, providing a retirement system for *judges* and providing for the mandatory retirement of *judges*.

As described by the Supreme Court in the <u>Clark</u> case, "[t]he provision addressing eligibility for **retaining judicial office**, Art. V, § 23(B), speaks directly to **judicial retirement**." <u>Clark v. State of Louisiana</u>, 2020-0914 at p. 2. (Emphasis added.) In the <u>Clark</u> case, the plaintiff judges were over the age of seventy with terms expiring on December 31, 2020, and the plaintiffs both intended to qualify and run for re-election notwithstanding the mandatory retirement provision of La. Const. art. V, § 23(B). <u>Clark v. State of Louisiana</u>, 2020-0914 at p. 1. Therefore, the plaintiffs sought to "remain in office" despite the constitutional prohibition. The Supreme Court ultimately ruled that the plaintiffs – judges who had attained the age of seventy while serving a term of office – were constitutionally barred from seeking re-election for another term and could not be candidates for judicial office. <u>Clark v. State of Louisiana</u>, 2020-0914 at p. 3.

Appellant focuses on the portion of the <u>Clark</u> case which states that "[i]t is essential, therefore, that whoever seeks judicial office be able to serve in the office. If a person cannot serve, he or she cannot be a candidate for office." <u>Clark v. State of Louisiana</u>, 2020-0914 at p. 2. However, appellant's focus ignores the context in which the statement was made; the Supreme Court went on to state that, "[p]ursuant to Art. V, § 23(B), *a judge* who attains age seventy during their term of office cannot be a candidate for judicial office because *that judge* cannot serve another term." <u>Clark v. State of Louisiana</u>, 2020-0914 at p. 2. (Emphasis added.)

At all relevant time periods in this matter, Matthews was not a judge and was not a judge serving a term of office when she attained the age of seventy. The limitations enforced by the Supreme Court in <u>Clark</u> are simply not applicable to

2

Matthews in this case. Matthews was not prohibited from being a candidate for judicial office under the terms of Article V, § 23(B).[1]

Moreover, even if La. Const. Art. V, § 23(B) was applicable, the unusual circumstances surrounding the delayed dates of the special and general elections on this case must be considered. But for the COVID-19 pandemic and its widespread effects, the special election would have been held on April 4, 2020 and the general election held on May 9, 2020. Matthews, whose birthdate is June 7, 2020, would not have attained the age of seventy prior to the general election, and this lawsuit would not have been filed.

In Committee to re-elect Judge Chip Moore o/b/o Richard Chip Moore v. Ardoin, 2020-00941 (La. 7/24/20), Judge Moore was unable to timely sign his own certificate of candidacy as a result of his medical status, which was related to COVID-19. The Supreme Court cited to "the highly unusual circumstances presented in this matter related to the ongoing global pandemic caused by COVID-19" in permitting Judge Moore's committee chairman to sign the certificate of candidacy, but requiring Judge Moore to sign the certificate himself by a date certain, which later signing would be deemed to relate back to the date of the original certificate. Also citing to the COVID-19 pandemic and the unprecedented and extraordinary burden it has placed on applicants registered for the July and October 2020 bar examination, the Supreme Court, pursuant to an order dated July 22, 2020, waived Part I of the multi-part examination required by Section 7 of Supreme Court Rule XVII for those defined as "qualified candidates." In these highly unusual times, the Supreme Court, based on its prior actions relating to COIVD-19, would certainly take these factors into consideration.

---

[1] Further demonstrating that Section 23(B) does not apply to Matthews who, at all relevant times, was not a judge who could be subject to judicial retirement, the Supreme Court observed in Clark that judicial retirement was contemplated at the inception of our state constitution and was a feature of the state's prior constitution. Clark v. State, 2020-0914 at p. 2. See Giepert v.

3

For these reasons, I respectfully concur.

Wingerter, 531 So.2d 754 (La.1988) for a discussion of the constitutional history of judicial retirement.

4

| WHITNEY HIGGINBOTHAM GREENE | STATE OF LOUISIANA |
|---|---|
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF LOUISIANA, AND JOHNELL MATTHEWS | 2020 CE 0810 |



**HOLDRIDGE, J., concurs in the result and assigns reasons.**

I respectfully concur in the result. I find that the election challenge brought by Ms. Greene is moot. The election is over and Judge Matthews has won the election. Any claims by Ms. Greene under the Election Code do not go to Judge Matthews's qualifications, but go to the question as to her ability to remain a judge. However, still pending before this court is the issue of whether Judge Matthews, a person over the age of seventy-years old, can begin a new term of judicial service and hold the office of Judge of the Baton Rouge City Court despite having been older than the mandatory retirement age established by the Louisiana Constitution at the time she was elected.[1]

Louisiana Constitution Article V, Section 23(B) states that "… a judge shall not remain in office beyond his seventieth birthday." It is admitted that Judge Matthews was seventy years old when she was elected as a judge of the Baton Rouge City Court. It is also admitted that Judge Matthews did not attain the age of seventy while serving a term of office.[2] Therefore, the only issue presented for our review, which is not moot, is the declaratory judgment question of whether Judge Matthews was eligible to be sworn in as a Baton Rouge City Court Judge and

---

[1] At the hearing, the parties acknowledged that Matthews has been sworn in and we take judicial notice of this fact pursuant to La. Code Evid. arts. 201 and 202.

[2] Louisiana Constitution Article V, Section 23(B) states "[a] judge who attains seventy years of age while serving a term of office shall be allowed to complete that term of office."

whether she may remain in office after having been sworn in because she was elected after her seventieth birthday. See La. Const. art. V, Sec. 23(B).

It appears that there may be a constitutional flaw which would allow Ms. Matthews to run and be elected judge of the Baton Rouge City Court, but would prohibit her from being able to sit and serve as judge of that court. The existing state of the law does not appear to prevent a person who is seventy years or older and not a judge from becoming a candidate and running for a judicial office since age is not a qualification for judicial office under La. Const. art. V, Sec. 24.[3] Since Art. V, Sec. 23(B) only mandates that a "judge shall not remain in office beyond his seventieth birthday", the argument made by Judge Matthews is that a person who is not a judge can become a candidate, be elected judge, and serve a term as judge even though that person was over seventy years old when elected. This argument would allow a lawyer of any age to be elected and serve a term as a judge.[4] Interpreting the constitutional provisions in this manner as argued by Judge Matthews would allow a sitting judge over the age of seventy to resign, then qualify as a candidate for judicial office, and if successful, to serve another term. It would also allow any lawyer with the requisite years of experience to run for judge at any age while a sitting judge could not run if he or she was over seventy at the time of qualifying. See **Clark v. State**, 2020-00914 at *2 (La. 7/21/20), ___ So.3d ___, ___ (2020 WL 4251388). Also added to the constitutional uncertainty is the fact that Judge Matthews would have been under the age of seventy when

_____

[3] In **Clark v. State**, 2020-00914 at *3 (La 7/21/2020), ___ So.3d ___, ___, (2020 WL 4251388), the Supreme Court stated, "We hold that a person constitutionally barred from serving as a judge cannot be a candidate for judicial office." Article V, Section 23(B) mandates that "a judge shall not remain in office beyond his seventieth birthday." The reason to seek office is to "remain in office." While it is abundantly clear from the decision in **Clark** that a judge who is seventy years old may not be a candidate for judicial office, the appellee argues that this rule only applies to judges who are currently in office. The appellee further argues that judicial candidates who are not sitting judges can be a candidate for a judge or justice irrespective of their age.

[4] While judges who were seventy could not run for judge or serve as judge past their current term, lawyers of any age could run and serve a term of office. It is hard to imagine that the voters of this state thought they were voting to allow eighty and ninety year old lawyers to be judges but prohibiting current judges who are seventy to remain in office.

elected had the election not been postponed because of the COVID-19 public health crisis. Since the constitutional provision only states that "a judge shall not remain in office beyond his seventieth birthday," questions abound as to whom this provision applies—all judges, only sitting judges, non-sitting judges who are elected after he or she was seventy years old? As so eloquently stated by Justice Dennis in **Williams v. Ragland,** 567 So.2d 63, 68 (La. 1990), "[i]f it is a constitutional flaw or oversight, it is clearly a defect that can be cured only by the legislature and the people by the duly ordained amendment process, and not by the courts' judicial fiat." See also **Clark,** _____ So.3d at _____ ("[t]hose who wish to change the mandatory retirement age provisions in Art. V, [Sec.] 23(B) are provided an avenue for doing so by La. Const. Art. XIII, [Sec.] 1 ('[a]n amendment to this constitution may be proposed by joint resolution at any regular session of the legislature...')").

While this constitutional issue is raised before this Court in the appellant's request for declaratory relief, I agree with the majority in holding that this is an issue over which this Court has no jurisdiction. The Louisiana Supreme Court has the exclusive jurisdiction over the removal of judges, which includes the forced removal of judges who attempt to remain in office beyond the mandatory retirement age provided for in Art. V, Sec. 23 (B) of the Louisiana Constitution. See La. Const. art. V, Sec. 25; **In re Levy,** 427 So.2d 844, 846 (La. 1983); **Small v. Guste,** 383 So.2d 1011, 1014 (La. 1980). Any declaratory relief, which would be granted by this Court, would necessarily require that we apply the Constitutional provision of Art. V, Sec. 23(B) as written. Therefore, I agree that this Court has no jurisdiction to decide this issue which involves by its very nature the question of whether Judge Matthews may "remain in office beyond her seventieth birthday." The interpretation of the mandatory retirement age provided for in Art. V, Sec. 23(B) of the Louisiana Constitution and the issue as to whether

Judge Matthews may remain in office is the sole province of the Supreme Court by virtue of La. Const. Art. V, Sec. 25 and the Supreme Court's exclusive jurisdiction over cases involving the removal of judges.

For these reasons, I respectfully concur.