357 So.2d 916 (1978)
Shirtee EVANS, Plaintiff-Appellant,
v.
Johnny Lee WEST, Betty Ann Gladney (Clerk of Court) and the Board of Supervisors of Elections of Claiborne Parish, Louisiana, Defendants-Appellees.
No. 13601.
Court of Appeal of Louisiana, Second Circuit.
April 14, 1978.
Henry G. Hobbs, Minden, for plaintiff-appellant.
Robinson & Smith by George H. Robinson, Homer, for defendant-appellee-Johnny Lee West.
Leon H. Whitten, Dist. Atty., Jonesboro, for defendants-appellees-Betty Ann Gladney (Clerk of Court) and The Bd. of Supervisors of Elections of Claiborne Parish, Louisiana.
*917 Before PRICE, HALL and JONES, JJ.
HALL, Judge.
This is an action brought under the Louisiana Election Code, LSA-R.S. 18:401, et seq.
On April 1, 1978, a primary election was held to elect selectmen for the Town of Homer. Under a 1975 order of the United States District Court for the Western District of Louisiana it was required that the selectmen be elected from five single-member districts established by the court order. Plaintiff, Shirtee Evans, the incumbent, and defendant, Johnny Lee West, each qualified as candidates for selectman from District 1, Precinct 5, Ward 7, during the qualifying period which ended on Friday, February 3. LSA-R.S. 18:467 and 468. Defendant was the successful candidate in the election, receiving 135 votes to plaintiff's 114 votes.
On April 5, 1978, within five days after the date of the election, plaintiff filed suit contesting defendant's qualifications and the conduct of the election, alleging that defendant was not qualified for election as selectman from District 1 because he was, in fact, a resident of and domiciled in District 2.[1] Plaintiff prayed that he be declared the nominee as selectman from District 1 or, alternatively, that the primary election be nullified and a new election called.
Defendant filed an exception of no cause of action contending that there is no residence requirement under the federal court order, the charter of the Town of Homer (the Town of Homer is governed by legislative charter and not by the Lawrason Act), or the constitution or statutes of Louisiana. Defendant answered denying the residence requirement and alleging that he is, in fact, a resident of District 1.
After trial held on the fourth day after suit was filed in accordance with LSA-R.S. 18:1409, the district court held that the requirement of residence within the district was inherent in the federal court order but further held, under the evidence presented at the trial, that defendant was a resident of District 1 and was eligible to be a candidate for selectman from that district. From a judgment declaring defendant to be the duly elected nominee for selectman from District 1 and dismissing plaintiff's suit, plaintiff appealed. We affirm the judgment of the district court, holding that plaintiff's suit contesting the election on the basis of defendant's alleged lack of qualifications for the office was not timely filed.
Chapter 9 of the Election Code on "Contest and Challenges" provides for two separate and distinct actions which may be brought in connection with elections for public office: (1) A qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote; and (2) A candidate who alleges that except for irregularities or fraud in the conduct of an election he would have qualified for a general election or would have been elected may bring an action contesting the election. LSA-R.S. 18:1401 A. and B.
An action objecting to candidacy shall be instituted within ten days after the close of qualifications for candidates in the primary election or within ten days after the defendant filed notice of his candidacy, whichever is later. After expiration of this time period no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in LSA-R.S. 18:492. An action contesting any election involving election to office shall be instituted within five days after the date of the election. LSA-R.S. 18:1405 A. and B.
Two of the grounds for an objection to candidacy enumerated in LSA-R.S. 18:492 are that the defendant does not meet the qualifications for the office he seeks in the *918 primary election, or the defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified in the primary election. LSA-R.S. 18:493 provides that an action objecting to candidacy shall be commenced in a court of competent jurisdiction within ten days after the close of qualifications for candidates in the primary election, or within ten days after the date when the defendant filed notice of his candidacy, whichever is later. This section also provides that no action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in Section 492 after the expiration of the time period set forth.
Plaintiff characterizes this action as one contesting an election for irregularities or fraud in the conduct of the election under LSA-R.S. 18:1401 B. which may be brought within five days of the date of the election. Regardless of the characterization, the essence of the suit is a challenge or objection to candidacy on the basis that the defendant does not meet the qualifications for the office he seeks under LSA-R.S. 18:1401 A. and 492(3). The Election Code specifically provides that an action objecting to candidacy shall be instituted within ten days after the close of qualifications for candidates or within ten days after the defendant filed notice of his candidacy, whichever is later. Plaintiff's action, filed after the election and more than ten days after the close of qualifications, was not timely filed and is barred by the provisions of LSA-R.S. 18:1405 A. and 493.
It is of no moment that the defendant did not raise an objection based on the failure of plaintiff to commence the action within the period prescribed by the Election Code. After expiration of the peremptive period provided for commencing the action, the plaintiff had no cause of action to object to the defendant's candidacy for lack of qualification. An appellate court may on its own motion notice the failure of plaintiff to state a cause of action and render judgment dismissing the suit. LSA-C.C.P. Arts. 927 and 2164. Further, the general public and particularly the electors of the district involved have a vested interest in the sanctity of the election procedures spelled out in the Election Code and in the sanctity of their exercised franchise. The failure of the defendant to raise an objection to the timeliness of the commencement of the action should not prejudice the vested interest of the voting public.
This holding is dispositive of the appeal and compels affirmance of the judgment dismissing plaintiff's suit. It is unnecessary for this court to deal with the issue of the defendant's actual residency within District 1. However, because of the expeditious procedure provided by the Election Code for the disposition of actions objecting to candidacy or contesting an election and to give the Supreme Court the benefit of this court's review of the facts in the event of an application for writs, we comment briefly on that issue. The factual determination of the trial court is supported by the evidence and the trial court's conclusion that defendant is, in fact, a resident of District 1 is correct. See Robinson v. Atkins, 275 So.2d 444 (La.App. 2d Cir. 1973), a case which reached the same result under remarkably similar facts.
In view of the foregoing dispositive holdings, this court expressly pretermits consideration of the issue of whether there is any requirement under the federal court order or otherwise that a candidate for selectman in the Town of Homer reside in the district from which he seeks election.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] Plaintiff also alleged that voters residing in District 2 voted in the election for selectman from District 1, but no evidence was offered at the trial in support of this allegation and it has not been made an issue either in the district court or on appeal.