liBYRNES, Judge.
Defendant-appellant, Mark Magee, appeals a judgment dated August 31, 1998, disqualifying him as a candidate for Plaquemines Parish Council Member, District 4, in the general election to be held October 3, 1998.
The record shows, and Mr. Magee acknowledges in brief, that his appeal was signed and bond fixed on September 3, 1998 at 12:50 p.m.
Because of the expedited nature of election matters this Court ordered that the parties argue the merits of the appeal at 9:00 a.m on Thursday, September 9, and at the same time ordered Mr. Magee to show cause why his appeal should not be dismissed as having been untimely filed.
LSA-R.S. 18:1409 D allows Mr. Magee only twenty-four hours after rendition of judgment in which to obtain an order of appeal and post bond. The appeal order in this case was not signed until September 3, three days after the signing of the judgment from which Mr. Magee appeals. Mr. Magee contends that the twenty-four hour period would normally have expired on Tuesday, September 1 at 1:10 p.m. Mr. Magee further contends that prior to that time, at noon on Thursday, an evacuation of the lower end of Plaquemines Parish (which includes Rthe courthouse) was declared because of Hurricane Earl. Therefore, Mr. Magee argues that Tuesday, September 1, should not figure in the appeal time calculation, and for the same reason the following day, Wednesday, September 2, should also not figure in the calculation. Mr. Magee argues that those days should be treated as holidays, which according to his calculations would give him until 1:10 p.m. on Thursday, September 3, in which to file his appeal. Pursuant to this argument, his appeal filed at 12:50 p.m. on Thursday, September 3, would be timely. Assuming for purposes of argument that everything that Mr. Magee says is true, we find that his appeal is still untimely. LSA-R.S. 18:1413 provides in pertinent part that:
[I]f the time interval ends on a Sunday or other legal holiday, then noon of the next *535 legal day shall be deemed to be the end of the time interval.
LSA-R.S. 18:1413 does not say that time is suspended for legal holidays as though they didn’t exist, it merely says that the time is extended until “noon of the next legal day.” For example, if the twenty-four hour appeal period would have normally expired at 5:00 p.m. on a Tuesday, but that Tuesday is a holiday, the appellant is not given until 5:00 on Wednesday in which to file the appeal as though Tuesday did not exist. The legal holiday grace period provided by LSA-R.S. 18:1413 is only until “noon of the next legal day.” Therefore, even were this Court to treat the situation with Hurricane Earl as equivalent to legal holidays, which we are inclined to do (this Court was closed on Wednesday, September 2 for the same reason), the failure of Mr. Magee to obtain his order of appeal prior to noon on Thursday, September 3,1998 is fatal to his case.
_|s_For the foregoing reasons, the appeal of the defendant-appellant, Mr. Mark Magee is hereby dismissed.
APPEALED DISMISSED.
PLOTKIN, J., dissents with written reasons.