h WRIT GRANTED AND MADE PEREMPTORY:
The plaintiff/relator, Virginia Bonvillain, filed this writ application seeking to have the defendant’s appeal dismissed as untimely. The plaintiff filed a petition objecting to the candidacy of Charles Bon-villain on August 29, 2002. The petition alleged that Mr. Bonvillain failed to meet the qualifications of the office of District 9 of the Lafayette Parish School Board in that he did not meet the residency or domicile requirements. A hearing was held on August 30, 2002 with the trial court ruling in favor of the plaintiff finding that Charles Bonvillain was not qualified as a candidate for District 9. The judgment was rendered at 2:30 p.m. and signed at 3:10 p.m.
Pursuant to La-R.S. 18:1409, a party aggrieved by a judgment objecting to candidacy may appeal by obtaining an order of appeal and giving bond within 24 hours after rendition of the judgment. See also, Francois v. Thibodeaux, 02-CC-1588, (La.6/12/02), 821 So.2d 479. La.-R.S. 18:1413 states that in computing the time intervals, if the time interval ends on a Sunday or other legal holiday, then “noon of the next legal day shall be deemed to be the end of the time interval.” See also, Mudge v. Magee, 98-2177 (La.App. 4 Cir. 9/10/98), 719 So.2d 534.
The judgment was rendered Friday, August 30 at 3:10 p.m. Saturday, Sunday, and Monday were legal holidays, therefore the time period for the defendant to file his appeal and perfect his bond ended 12:00 noon on Tuesday, September 3, 2002. See Mudge v. Magee, supra. In the present case, the defendant filed his motion for an appeal on September 3, 2002 at 3:46 p.m which was past the 12:00 noon deadline. *1052 The trial court ordered that the bond was to be set at $2500. The defendant did not post a bond and waited until the morning of September 4, 2002 to file a motion and order for bond reduction.
It is clear that the defendant did not file his motion for an appeal or his motion for bond reduction within the time prescribed by law. Although a motion to dismiss the appeal may have been the better procedural vehicle to raise the untimeliness of the appeal, this court may dismiss an appeal for lack of jurisdiction on its own motion at any time. For the foregoing reasons, the appeal of Charles Bonvillain is clearly untimely and this court is without jurisdiction to hear the appeal. Therefore, the appeal is hereby dismissed.