PER CURIAM.
| sThis suit is brought under the Louisiana Election Code, and pursuant to La. Rev.Stat. Ann. § 18:1409, we give this appeal expedited consideration.

FACTS AND PROCEDURAL HISTORY

The primary election for the mayor of New Roads was held on October 2, 2010. In the November 2, 2010, run-off election, Robert A. Myer was elected mayor of New Roads. On November 10, 2010, the plaintiffs filed the present suit. In response, several of the named defendants filed peremptory exceptions raising the objections of res judicata, peremption, no right of action, and no cause of action. See La. Code Civ. Proc. Ann. art. 927. On November 15, 2010, the trial court signed a judgment sustaining the exceptions objecting to peremption and no cause of action and dismissing the plaintiffs’ suit. The plaintiffs appeal, and for the reasons that follow, we affirm the trial court judgment.

DISCUSSION

In evaluating the trial court judgment, the material facts are undisputed, and the issues before this court are purely legal. When reviewing questions of law, the appellate court simply determines whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Ins. Co., 96-0159 (La.App. 1 Cir. 9/27/96); 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96); 692 So.2d 375.
Despite the plaintiffs’ characterization of this suit as one contesting an election, we find no error in the trial court’s determination that the | allegations of the plaintiffs’ petition are in actuality an objection to the candidacy of Myer. The petition clearly challenges Myer’s qualifications as a candidate for mayor of New Roads, and the plaintiffs specifically seek relief under La. Rev.Stat. Ann. § 18:494, including the disqualification of Myer.[1]
A party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election suits. Forum for Equality PAC v. City of New Orleans, 04-1842 (La.App. 1 Cir. 8/23/04); 887 So.2d 45, 47, writ denied, 04-2185 (La.9/2/04); 886 So.2d 1084. The legislature in drafting and enacting the Election Code sought to expedite contests involving candidacy. See Dale v. Louisiana Secretary of State, 07-2020 (La.App. 1 Cir. 10/11/07); 971 So.2d 1136, 1145. The short time delays are in the interest of the electorate, not the private litigants. City of Donaldsonville v. State, 99-1582 (La.App. 1 Cir. 6/23/00); *273 764 So.2d 339, 344, writ denied, 00-2257 (La.10/27/00); 772 So.2d 654.
“An action objecting to candidacy shall be commenced in a court of competent jurisdiction within seven days after the close of qualifications for candidates in the primary election.” La.Rev.Stat. Ann. § 18:493. After the expiration of the time period set forth, “no action shall be commenced objecting to candidacy based on the grounds for objection to candidacy | .^contained in R.S. 18:492.” La.Rev.Stat. Ann. § 18:493. Further, La.Rev.Stat. Ann. § 18:1405(A) provides:
An action objecting to candidacy shall be instituted not later than 4:30 p.m. of the seventh day after the close of qualifications for candidates in the primary or first party primary election. After the expiration of the time period set forth in this Section, no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in R.S. 18:492.
The period set forth in La.Rev. Stat. Ann. § 18:1405(A) is peremptive. See Evans v. West, 357 So.2d 916, 918 (La.App. 2d Cir.1978). Peremption is a period of time fixed by law for the existence of a right, and unless that right is timely exercised, the right is extinguished upon the expiration of the peremptive period. La. Civ.Code Ann. art. 3458. With peremptive statutes, after the limit of time expires, the cause of action no longer exists; it is lost. Guillory v. Avoyelles Ry. Co., 104 La. 11, 15, 28 So. 899, 901 (1900); Evans, 357 So.2d at 918. Qualifying for the October 2, 2010, primary election for mayor of New Roads ended on July 9, 2010. The plaintiffs’ objection to candidacy, brought after the election, is clearly outside the time delays set forth in La. Rev.Stat. Ann. §§ 18:493 and 18:1405(A), and the plaintiffs’ cause of action is lost. Peremption may not be renounced, interrupted, or suspended. La. Civ.Code Ann. art. 3461.
Finding no legal error in the trial court’s judgment, we affirm. All costs associated with this appeal are assessed against the plaintiffs/appellants, Rosetta Jackson and Mary Lacour.
AFFIRMED.

. Moreover, the plaintiffs allege they are registered voters and qualified electors in Pointe Coupee Parish; however, they do not allege, nor is there anything in the record to indicate, any of the plaintiffs were candidates in the election for mayor of New Roads. Although a "qualified elector” may bring an action objecting to the candidacy for an office in which the plaintiff is qualified to vote, only a "candidate” can bring an action contesting an election. La.Rev.Stat. Ann. § 18:1401(A)-(B). Accordingly, the plaintiffs lack standing to contest the election results. See La.Code Civ. Proc. Ann. art. 927.