PER CURIAM.
12This suit is brought under the Louisiana Election Code and, pursuant to Louisiana Revised Statutes 18:1409, we give this appeal expedited consideration.
FACTS AND PROCEDURAL HISTORY
James L. Ezell qualified as a candidate for the office of Alderman of the Village of Varnado. The primary election is scheduled for November 6, 2012. On the seventh day after the close of the qualifying period, Ben Hartzog filed a petition objecting to Ezell’s candidacy on the basis that Ezell is not legally qualified to be a candidate for elective public office. Specifically, Hartzog alleged that Ezell is a convicted felon, that Ezell has not received a full governor’s pardon, and that fifteen years have not elapsed since Ezell completed his original sentence.
According to the record on appeal, the following series of events occurred on September 4, 2012, the day scheduled for a trial:[1]
• 9:17 a.m. — Hartzog filed a motion to dismiss his suit challenging Ezell’s candidacy;
• 9:45 a.m. — Walter P. Reed, District Attorney for the 22nd Judicial District Court, filed a petition of intervention objecting to Ezell’s candidacy on the same grounds alleged in Hartzog’s petition; and
• 4:11 p.m. — the trial court issued a per curiam and denied the District Attorney’s petition of intervention.
Further, the trial court signed an order on September 7, indicating that it orally granted Hartzog’s motion to dismiss on September 4.
The District Attorney now appeals the denial of his petition of intervention. This court’s briefing schedule included a rule to show cause, advising that this court’s examination of the appellate record revealed several apparent defects, | .^including the apparent untimeliness of the District Attorney’s petition of intervention, and requested briefing on the issue.
DISCUSSION
In drafting and enacting the Louisiana Election Code, the legislature sought to expedite contests involving candidacy. Jackson v. Myer, 10-2108 (La.App. 1 Cir. 11/19/10), 52 So.3d 271, 272. A party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election suits. Id.
A district attorney has standing to object to candidacy if, after investigation, he has reason to believe that a convicted felon who is prohibited from qualifying for office *886 pursuant to Article I, Section 10 of the Louisiana Constitution has filed a notice of candidacy. La.Rev.Stat. Ann. § 18:495 A. “The time limitation to commence an action objecting to candidacy prescribed by [Louisiana Revised Statutes] 18:493 shall apply to such actions brought by the district attorney.” La.Rev.Stat. Ann. § 18:495 B (emphasis added). Louisiana Revised Statutes 18:493 provides:
An action objecting to candidacy shall be commenced in a court of competent jurisdiction within seven days after the close of qualifications for candidates in the primary election_ After the expiration of the time period set forth in this Section, no action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in [Louisiana Revised Statutes] 18:492 above. (Emphasis added).
When a statute creates a right of action and stipulates the time period within which that right is to be executed, the time period is one of peremption. Town of Church Point v. Acadia Parish Police Jury, 03-890 (La.App. 3 Cir. 7/14/03), 849 So.2d 87, 88; Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900). The time period set forth in Louisiana Revised Statutes 18:493 is peremptive. Evans v. West, 357 So.2d 916, 918 (La.App. 2 Cir.1978). Peremption is a time period fixed by law for the existence of a right, and unless that right is exercised, the right 14is extinguished upon the expiration of the peremptive period. La. Civ.Code Ann. art. 3458. After the peremptive period expires, the right of action no longer exists; it is lost. Jackson, 52 So.3d at 273. In contrast to prescription, peremption may not be renounced, interrupted, or suspended. La. Civ.Code Ann. art. 3461.
The District Attorney’s brief references Louisiana Revised Statutes 18:1405 A, which also sets forth a seven-day delay for instituting an action objecting to candidacy, providing:
An action objecting to candidacy shall be instituted not later than 4:30 p.m. of the seventh day after the close of qualifications for candidates in the primary election. After the expiration of the time period set forth in this Section, no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in [Louisiana Revised Statutes] 18:492.
However, the District Attorney’s action is specifically governed by Louisiana Revised Statutes 18:495, which requires the District Attorney to institute his action within the time period provided in Louisiana Revised Statutes 18:493. Nonetheless our analysis would be the same, as this court has previously recognized that the time period set forth in Louisiana Revised Statutes 18:1405 A is also peremptive. See Jackson, 52 So.3d at 273. Moreover, Louisiana Revised Statutes 18:1401 A provides that only a “qualified elector” may bring an action objecting to the candidacy of a person under that chapter of the Election Code, and there is no allegation or evidence that the District Attorney satisfies that requirement.
The District Attorney argues that his objection to candidacy was timely because it was filed as an intervention within a timely-filed proceeding, and Louisiana Code of Civil Procedure article 1033 allows an incidental demand to be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. Leaving aside the issue of the District Attorney filing his petition of intervention after Hartzog moved to dismiss his objection to |5candidacy, the Louisiana Supreme Court has recognized that nothing may interfere with the running of a peremptive period, including “re *887 lation back” of an amended or supplemental pleading adding a plaintiff. See Naghi v. Brener, 08-2527 (La.6/26/09), 17 So.3d 919, 925. The District Attorney cannot circumvent the effect of peremption by attempting to intervene within a proceeding brought by another party. Peremption, once accrued, means that the District Attorney’s right to challenge candidacy no longer exists. Therefore, any attempt to assert such a right, whether as an intervention or otherwise, is barred.
Pursuant to Louisiana Code of Civil Procedure article 927 B, and considering the plenary jurisdiction of this court (see Louisiana Constitution article 5, section 10, and Louisiana Code of Civil Procedure article 2164), this court recognizes the District Attorney’s right of action to object to candidacy as being perempted as a matter of law. Cf. Thomas v. Ardenwood Properties, 10-0026 (La.App. 1 Cir. 6/11/10), 43 So.3d 213, 216, writ denied, 10-1629 (La.10/8/10), 46 So.3d 1271. The remainder of the issues raised on appeal are moot.
CONCLUSION
Considering the foregoing, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $284.50, are assessed against the District Attorney for the 22nd Judicial District Court.
AFFIRMED.

. As a result of Hurricane Isaac, the Washington Parish courthouse was closed from August 28, 2012, through August 31, 2012, the date originally set for trial. See La.Rev.Stat. Ann. § 18:1413.