## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1327


**LINTON FONTENOT, ET AL.**

**VERSUS**

**NEAL LARTIGUE**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75196-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.


**AFFIRMED.**



**Walter Flanders Clawson**
**Attorney at Law**
**400 Travis Street, Suite 908**
**Shreveport, LA 71101-3116**
**(318) 424-1600**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Linton Fontenot**
    **Glenn Leleux**

**Christopher Brent Coreil**
**Post Office Drawer 450**
**Ville Platte, LA 70586**
**(337) 363-5596**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Neal Lartigue**

**Stephen D. Hawkland**
**Lani B. Durio**
**8585 Archives Ave.**
**Baton Rouge, LA 70809**
**(225) 287-7476**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Tom Schedler, in his official capacity as Secretary of State, State of**
    **Louisiana**

**Linton Fontenot**
**In Proper Person**
**245 Roderick St.**
**Ville Platte, LA 70586**
**(337) 831-6729**
**PLAINTIFF/APPELLANT**

**Glenn Leleux**
**In Proper Person**
**426 Nita St.**
**Ville Platte, LA 70586**
**(337) 988-3109**
**PLAINTIFF/APPELLANT**

**THIBODEAUX, Chief Judge.**

The plaintiffs-appellants, Linton Fontenot and Glenn Leleux, who were both candidates in an election for the position of Chief of Police for the City of Ville Platte, Louisiana, appeal the judgment of the trial court granting the exceptions of prescription, peremption, and no cause of action which were filed on behalf of the defendants-appellees, Neal Lartigue and Tom Schedler, in his official capacity as Louisiana Secretary of State. Fontenot and Leleux contend that the trial court erred in failing to find that they could challenge the election which was held on December 6, 2014, based on Mr. Lartigue allegedly not qualifying as an elector in that city at the time of the election. Finding that the trial court correctly applied the law in dismissing Fontenot's and Leleux's case as an untimely challenge to Mr. Lartigue's qualifications to be a candidate for this office, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Fontenot and Leleux are electors from Ville Platte and are former candidates for the position of Ville Platte's police chief. The qualifying period for the candidates in this race was August 20-22, 2014. Pursuant to La.R.S. 18:493, the time period for challenging the failure of a candidate to possess the necessary qualifications for this race expired at 4:30 p.m. on the seventh day after the close of the qualifications period, i.e., August 29, 2014. No challenge was made against Mr. Lartigue during this time period.

The initial election for Ville Platte's police chief resulted in a runoff on December 6, 2014, between Mr. Fontenot and Mr. Lartigue; Mr. Lartigue was the successful candidate, having received 1,688 votes against Mr. Fontenot's total votes of 1,246. On December 15, 2014, Fontenot and Leleux filed their suit

captioned as "Petition to Contest Election." In this pleading and the two amending and supplemental petitions, Fontenot and Leleux averred that Mr. Lartigue did not live at the address which he gave at the time that he filed his qualifying papers for this election. In fact, Fontenot and Leleux contend that Mr. Lartigue continues to reside outside the city limits of Ville Platte. Citing La.R.S. 33:385.1(A), which requires candidates for an elected chief of police not only to live in the municipality at the time of qualifying for this position, but also for the immediate preceding year, excluding two municipalities not involved in the instant case, Fontenot and Leleux prayed for the trial court to enter judgment invalidating the election held on December 6, 2014, and directing the Clerk of Court to remove Mr. Lartigue from the office of police chief for Ville Platte.

Mr. Lartigue responded to this suit with the filing of the peremptory exceptions of prescription, peremption, and no cause of action. Although Mr. Lartigue was the only defendant named in Fontenot's and Leleux's initial petition, Tom Schedler, in his official capacity as Secretary of State for Louisiana, successfully intervened and also filed exceptions of peremption and no cause of action.

Following arguments by all parties in this action, the trial court entered judgment sustaining the exceptions of prescription, peremption, and no cause of action. The trial court denied Fontenot's and Leleux's "Motion for New Trial" and "Motion to Amend Judgment Due to Manifest Error." They then filed a suspensive appeal from the trial court's ruling.

**LAW AND DISCUSSION**

Fontenot and Leleux argue in this appeal that the trial court has incorrectly characterized their suit as a challenge to Mr. Lartigue's qualifications to

hold the office of police chief rather than as an election contest. Thus, they contend that the trial court's error was applying the law barring any action to challenge a candidate's qualifications, which must be filed within seven days of the end of the qualifying period, rather than applying the law permitting an election contest to be filed within nine days following the election pursuant to La.R.S. 18:1405(B). Moreover, Fontenot and Leleux interpret the first sentence of La.R.S. 385.1(A) to provide them with this cause of action for an election contest because Mr. Lartigue was not an elector of Ville Platte at the time the election was held on December 6, 2014.

Louisiana Revised Statutes 33:385.1(A), entitled qualifications of elected chief of police, provides:

> Except as otherwise provided in this Section, an elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville.

The entirety of Fontenot's and Leleux's case hinges on their argument arising from the first sentence of the above-quoted statute. They contend that since this statute uses the term "elected chief of police," the statute is requiring that the person who wins the election for police chief be an elector on the day of the election. Since their petition avers that Mr. Lartigue was not an elector on the day of the election, Fontenot and Leleux deduce that the election is subject to contest and should be declared invalid. We disagree.

As pointed out by Mr. Lartigue in brief to this court, La.R.S. 33:381(B) states, "The mayor and chief of police in all municipalities shall be elected at

3

large. . . . Municipalities where the chief of police is appointed rather than elected as of August 1, 1970, may continue to operate with an appointive chief." Furthermore, this statute proceeds to list several Louisiana communities in which the chief of police is appointed rather than elected. Finally, Mr. Lartigue refers to provisions allowing the mayor and board of alderman to set the qualifications for an appointed police chief, as opposed to an elected one which is set by such provisions as the La.R.S. 33:385.1. *See, e.g.,* La.R.S. 33:381(C)(13)(b).

While Mr. Schedler points out that Fontenot and Leleux can pursue having the district attorney take the appropriate steps to have the position of police chief declared vacant due to Mr. Lartigue's purported failure to meet the necessary domiciliary qualifications to hold that position pursuant to La.R.S. 18:671, *et seq.*, Fontenot and Leleux have deliberately denied that their claim is seeking such relief. Both Mr. Schedler and Mr. Lartigue contend that Fontenot's and Leleux's suit is merely a challenge to Mr. Lartigue's qualifications for the position.

Mr. Lartigue and Mr. Schedler rely on La.R.S. 18:493, which states:

> An action objecting to candidacy shall be commenced in a court of competent jurisdiction within seven days after the close of qualifications for candidates in the primary election. However, if the time interval ends on a Saturday, Sunday, or other legal holiday, then noon of the next day which is not a Saturday, Sunday, or legal holiday shall be deemed to be the end of the time interval. After the expiration of the time period set forth in this Section, no action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in R.S. 18:492 above.

Louisiana Revised Statutes 18:492 reads in pertinent part:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
> . . . .
> (3) The defendant does not meet the qualifications for the office he seeks in the primary election.

4

We find, as did the trial court, that despite Fontenot's and Leleux's assertions, the essence of their claim is to challenge Mr. Lartigue's qualifications to be a candidate for the office of police chief for Ville Platte. The facts of this case closely follow the facts and arguments set forth in *Evans v. West*, 357 So.2d 916 (La.App. 2 Cir. 1978), wherein the plaintiff also tried to fit the domicile argument into the irregularities or fraud provision of La.R.S. 18:1401 as a basis for an election contest. Furthermore, as noted by the second circuit in *Evans*, the time period set forth in La.R.S. 18:493 for challenging a candidate's qualification to hold the office for which he is running is a peremptive time period, and, thus, the cause of action ceases to exist after the passage of that time period. Since the cause of action for a candidacy challenge ceases to exist after the time period expires, the claim is subject to the exception of no cause of action. La.Civ.Code art. 3458. *Jackson v. Myer*, 2010-2108 (La.App. 1 Cir. 11/19/10), 52 So.3d 271, *and Evans*, 357 So.2d 916.

Additionally, we agree with Mr. Schedler that there is no amendment to the petition that Fontenot and Leleux can now make to assert a viable cause of action. As discussed above, the challenge based on Mr. Lartigue's domicile is untimely and cannot be countenanced. As this was the only basis asserted by Fontenot and Leleux in their petition and amending and supplemental petitions, amendment of this claim would be of no avail. Furthermore, if Fontenot and Leleux now amend their petition to state a wholly new basis for an election contest, this claim would be time barred based on La.R.S. 18:1405(B).

Finally, Mr. Lartigue asks that this court award him damages based on Uniform Rules—Courts of Appeal, Rule 2–19, for taking a frivolous appeal.

5

While we affirm the trial court's ruling in this matter, we find that an award of damages for a frivolous appeal is not warranted in this case.

For the reasons discussed above, we affirm the trial court. All costs are assessed against the plaintiffs, Linton Fontenot and Glenn Leleux.

**AFFIRMED.**