PER CURIAM.
lain this matter challenging the candidacy of John “Sassy” Pourciau for the office of Police Juror, the Louisiana Board of Ethics (“the Board”) appeals the district court’s judgment, denying its objection to candidacy, which had been filed on the basis that Pourciau had falsely certified on his Notice, .of Candidacy that he- did not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act or the Code of Governmental Ethics. La. R.S. 18:463(A)(2)(a)(v) & (vii); La. R.S. 18:492(A)(5) & (6).' Pour-ciau has filed a motion to dismiss the appeal as untimely and an answer to appeal.
The motion to dismiss the appeal as untimely is denied. ; Pursuant to La. R.S. • 18:1409(D),- “[wjithhr twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an .order of appeal and giving bond for a sum fixed by the court to secure the payment- of costs.” (Emphasis added). Regarding the meaning of “rendition of judgment,”. La. R.S. 18:1409(J) further provides that “[a]s used in this Chapter, judgment shall be deemed to have been rendered, when signed by the judge.” (Emphasis added). The district court signed its judgment at 3:13 p.m. on September 21, 2015. The Board’s motion for appeal, which was filed at 1:52 p.m. on September 22, 2015, was filed within twenty-four hours. of “rendition of judgment” within the meaning of La. R.S., 18:1409 and,, tfyus, was timely.
Pourciau’s answer to appeal is denied as untimely. A party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election'suits. Jackson v. Myer, 2010-2108 (La.App. 1st Cir.11/19/10), 52 So.3d 271, 272. The legislature in drafting and enacting the Election Code sought to expedite contests involving candidacy. | sThe short time delays are in the interest of the electorate, not the private litigants. Jackson, 52 So.3d at 272. Pourciau’s answer to appeal was not filed until four days after the district court’s rendition of judgment herein, well beyond the twenty-four hour, period set forth in La. R.S. 18:1409(D) within which a party aggrieved by the judgment may seek relief.[1]
Turning to the merits of the appeal, the portion , of the district court’s September 21, -2015 judgment that denied *188 the Board’s objection to Pourciau’s candidacy is reversed. Prior to August 15, 2011, the provision governing the Notice of Candidacy and required certifications therein specifically excluded from the definition of an “outstanding fine, fee, or penalty” any fine, fee, or penalty “for which the candidate is in compliance with a payment plan as established in writing between the. Supervisory Committee -on Campaign Finance Disclosure and the candidate or the Board of Ethics and the candidate as applicable.” La. R.S. 18:463(A)(2)(c)(iii) (prior to amendment by Acts 2011, No. 152, § 1). However, by amendment in 2011, the legislature removed this exclusion from the definition of “outstanding fine, fee, or penalty,” thus inferentially including unpaid fees subject to payment plan agreements in the definition of an “outstanding” fee, fine, or penalty for purposes of the required certifications in the Notice of Candidacy. See La. R.S. 18:463(A)(2)(c). .
Accordingly, judgment is hereby rendered sustaining the Board’s objection to candidacy and disqualifying John “Sassy” Poureiau as a candidate for the office of Police Juror, District 2, Pointe Coupee Parish, in |4accordance with La. R.S. 18:494(A). Costs of this appeal are assessed against John “Sassy” Poureiau.
MOTION TO DISMISS APPEAL DENIED; ANSWER TO APPEAL DENIED AS UNTIMELY; JUDGMENT REVERSED IN PART AND RENDERED.

. Because Pourciau.has not timely appealed the portion of the district court's judgment ordering him to pay the outstanding fines, fees, or penalties in the amount of $6,460.00 within 24 hours of finality of the judgment, that portion of the judgment is not before this court on review.