# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-1002

AMY L. BETANCOURT

VERSUS

## MARCUS TRAHAN D/B/A REDMARQUE CONSTRUCTION, LLC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, NO. 11-3427
HONORABLE JOHN S. HOOD, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

Van C. Seneca
Van C. Seneca, L.L.C.
405 West College Street
Lake Charles, Louisiana 70605
(337) 439-1233
Counsel for Defendant/Appellee:
    Marcus Trahan d/b/a Redmarque Construction, LLC

Kevin J. Koenig
Raggio, Cappel, Chozen & Berniard
1011 Lakeshore Drive, Suite 500
Lake Charles, Louisiana 70601
(337) 436-9481
Counsel for Plaintiff/Appellant:
    Amy L. Betancourt

**KEATY, Judge.**

Plaintiff, Amy Betancourt, appeals from a judgment granting Defendant's, Marcus Trahan d/b/a Redmarque Construction, LLC's, Exception of No Cause of Action and Peremption. For the following reasons, we amend the trial court judgment and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

Plaintiff purchased a newly constructed home in Lake Charles, Louisiana, from Defendant on January 3, 2011. She filed a Petition for Damages (original petition) against Defendant in late 2011 under the Louisiana New Home Warranty Act (NHWA)[1] alleging defects regarding the kitchen countertop.[2] In her original petition, Plaintiff alleged that there was "a circular stain on the granite counter top located near the sink that extended down 3-4 tiles," that she had pointed out "various defects" to Defendant prior to her purchase of the home, and that Defendant had assured her that "all defects would be corrected" in a few weeks. She further claimed that Defendant's tile installer replaced the defective tiles with tiles that did not match the existing tile. Plaintiff alleged that she expressed to Defendant her dissatisfaction with the repair done by his subcontractor, after which she asked that the countertop be "completely replaced so as to match throughout." Plaintiff additionally alleged that the countertop was not adequately supported, resulting in its being uneven and causing cracks to form in the wall grouting. She claimed that she had made amicable demand upon Defendant to repair the defective work to no avail, and she sought judgment in her favor for damages to correct the defects.

---

[1] *See* La.R.S. 9:3141-3150.

[2] Although Plaintiff did not reference the NHWA in her original petition, the parties agree that it is applicable to this suit.

In a First Supplemental and Amended Petition (supplemental petition) filed in September 2015, Plaintiff sought to add a paragraph thirteen to her original petition, wherein she asserted that:

> After moving into the home, [she] discovered the following deficiencies in the construction:
>
> a) failure of the sealant and stain on the homes' concrete floors due to improper materials for the application;
>
> b) staining on the bathroom ceiling as a result of water leak;
>
> c) improper repair of the water leak and stains;
>
> d) failure to properly support the kitchen countertop;
>
> e) mismatched tiles on the kitchen counter;
>
> f) cracks in sheetrock due to defendant's failure to properly tape and float joints;
>
> g) defective light fixtures; and
>
> h) improper use of interior door hinges in exterior applications.

Plaintiff also sought to add to her original petition a request for attorney fees.

In its answer to the supplemental petition, Defendant generally denied the allegations contained therein. Defendant asserted that "many of the allegations in Plaintiff's" supplemental petition referred to damages that were "allegedly present when Plaintiff moved in [but are] not included in her previous petition." Several months after answering the suit, Defendant filed an Exception of No Cause of Action and Peremption (exception) wherein it sought dismissal of Plaintiff's supplemental petition on the grounds that her claims were perempted by the express terms of the NHWA.[3]

---

[3] Defendant also sought dismissal of Mr. Trahan, individually, as a party defendant. The trial court denied that aspect of the exception, but Plaintiff does not appeal that part of the judgment.

At the close of a May 21, 2018 contradictory hearing, the trial court took Defendant's exception under advisement. By judgment dated May 31, 2018, the trial court granted the exception and dismissed Plaintiff's supplemental petition. Plaintiff sought supervisory review of that ruling. Upon determining that the judgment at issue was a partial judgment, this court denied Plaintiff's application for supervisory writ and "remand[ed] this matter to the trial court for consideration of whether the judgment at issue should be designated a final, appealable judgment under La.Code Civ.P. art. 1915(B)." *Betancourt v. Trahan*, 18-506 (La.App. 3 Cir. 8/24/18). Upon unopposed motion of Plaintiff, the trial court designated the judgment as final and immediately appealable. This appeal followed, and Plaintiff is now before this court asserting that:

> 1. The Trial Court erred in concluding Plaintiff's First Supplemental and Amending Petition failed to relate back to the original Petition when the Amendment arose out of the same transaction or occurrence set forth in the original Petition.

> 2. The Trial Court erred in dismissing Plaintiff's First Supplemental and Amending Petition, in its entirety, when it held only paragraph 13 items a, b, c, f, g, and h were perempted.

## DISCUSSION

Louisiana Revised Statutes 9:3144(A), provides in pertinent part:

> [E]very builder warrants the following to the owner:

> (1) One year following the warranty commencement date,[4] the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

> (2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

---

[4] "'Warranty commencement date' means the date that legal title to a home is conveyed to its initial purchaser or the date the home is first occupied, whichever occurs first." La.R.S. 9:3143(7).

The NHWA additionally provides, however, that:

> Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of [the NHWA].

La.R.S. 9:3145(A). The NHWA explicitly states that "[a]ny action to enforce any warranty provided in this Chapter shall be subject to a peremptive period of thirty days after the expiration of the appropriate time period provided in R.S. 9:3144." La.R.S. 9:3146.

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. "[A] supplemental petition filed after a peremptive period has run does not relate back to the time of filing of the original petition." *Robin v. Allstate Ins. Co.*, 02-689, p. 11 (La.App. 3 Cir. 2/5/03), 844 So.2d 41, 49, *writ denied,* 03-1818 (La. 10/17/03), 855 So.2d 763. In the context of a lawsuit brought to challenge the qualifications of a candidate in an election, this court noted that because the statutorily mandated "time period . . . for challenging a candidate's qualification to hold the office for which he is running is a peremptive time period, . . . the cause of action ceases to exist after the passage of that time period[, and] the claim is subject to the exception of no cause of action." *Fontenot v. Lartigue*, 14-1327, p. 5 (La.App. 3 Cir. 12/30/14) 153 So.3d 1287, 1290.

> The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.,* 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. Therefore, in considering a trial court ruling on an exception of no cause of action, the appellate court accepts the allegations of fact in the petition as true. The determination is based on whether the face of the petition shows the plaintiffs are legally entitled to the relief sought therein. *Everything on Wheels Subaru, Inc.,* 616 So.2d 1234.

4

*Marsh Eng'g Inc. v. Parker*, 04-509, p. 3 (La.App. 3 Cir. 9/29/04), 883 So.2d 1119,

1122, *writ denied,* 04-2669 (La. 1/28/05), 893 So.2d 73.

> The burden of demonstrating that the petition states no cause of
> action is upon the mover. In reviewing the judgment of the district court
> relating to an exception of no cause of action, appellate courts should
> conduct a *de novo* review because the exception raises a question of law
> and the lower court's decision is based solely on the sufficiency of the
> petition. The pertinent question is whether, in the light most favorable
> to plaintiff and with every doubt resolved in plaintiff's behalf, the
> petition states any valid cause of action for relief.

*Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 119 (citations

omitted).

In his exception, Defendant argued that the new claims contained in Plaintiff's

supplemental petition should be dismissed as they had not been asserted within the

one-year peremptive period. Citing *Naquin v. Lafayette City-Parish Consolidated*

*Government*, 06-2227 (La. 2/22/07), 950 So.2d 657, Defendant maintained that any

claims asserted by Plaintiff after the peremptive period had run were forever barred,

and thus, could not be considered. In his appellee brief, Defendant asks this court to

reject Plaintiff's argument that because she alleged in her original petition that she

"walked through the home with [Defendant] and pointed out various defects,

including, but not limited to" the stain on the countertop, she had "the right to amend

her complaint to assert warranty claims based on any other alleged defects in the

home." In that regard, Defendant notes that Plaintiff has not alleged that she

provided him with timely written notice, as required by La.R.S. 9:3145, of the

defects listed in her supplemental petition.

At the hearing on Defendant's exception, counsel for Plaintiff argued that

because the original petition described "various defects, including but not limited to

the countertop," and because the claims asserted in her supplemental petition arose

out of the same transaction or occurrence as that of her original petition, those claims

should relate back to the filing date of the original petition.[5] Plaintiff's counsel further argued that because of the original petition's reference to "various defects," Defendant was clearly apprised that she was seeking redress for defects other than, and in addition to, those involving the countertop. Plaintiff now suggests that Defendant should have filed an exception of vagueness if he questioned what defects she was referring to in her December 2011 original petition when she referred to "various defects, including, but not limited to" a stain on the granite countertop.[6]

In the judgment granting Defendant's "exception of no cause of action based on peremption," the trial court stated:

> As to the peremptory aspect of the case[,] the question becomes "does an untimely amended petition relate back to a timely original petition if the original pleading gave fair notice of the general situation out of which the amended claim arises." The original pleadings are directed at the installation of the granite countertop and the cracking of the wall grouting. The petition states no further cause of action. Certainly an amendment to the petition involving items related to the countertop would be allowed[7] but not the items enumerated in paragraph 13 a), b), c), f), g) and h) of the amended petition. No allegation was made that defendant was requested to correct those items and did not.

In *Naquin*, 950 So.2d at 668 (quoting *Hebert v. Doctors Memorial Hospital*, 486 So.2d 717 (La.1986)) (emphasis removed), the supreme court explained the difference between peremption and prescription:

> Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation; peremption, however, extinguishes or destroys the right (La. Civ.Code Art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be

---

[5] See La.Code Civ.P. art. 1153 which provides that "[w]hen the action of defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

[6] Although Plaintiff filed a memorandum in opposition to Defendant's exception in the trial court, it only addressed whether Mr. Trahan was a proper party defendant.

[7] The items enumerated in paragraph thirteen d) and e) of the amended petition concerned the countertop referenced in the original petition.

6

interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.

After having performed a de novo review of the record, we find no error in the trial court's determination that the allegations of the supplemental petition regarding the addition of paragraph thirteen, items a), b), c), f), g), and h) to the original petition are perempted.[8] The legislature was deliberate in its pronouncement of what was not covered by the NHWA, listing nineteen categories of items that "shall" be excluded from the builder's warranty, "[u]nless the parties otherwise agree in writing." La.R.S. 9:3144(B). Included in that exclusionary language is "[a]ny defect not reported in writing by registered or certified mail to the builder . . . prior to the expiration of the period specified in Subsection A of the Section for such defect plus thirty days." La.R.S. 9:3144(A)(16).

Moreover, we disagree with Plaintiff's belief that it was incumbent upon Defendant to file an exception of vagueness to ascertain the specific defects for which Plaintiff sought redress in her open-ended, catchall reference to "various defects, including, but not limited to" a stain on the granite countertop which she alleged in the original petition. As Plaintiff correctly notes, Defendant, in answer to the original petition, denied the allegations of paragraphs three and four "because the term 'all defects' [wa]s not sufficiently defined." Certainly, the onus was on Plaintiff to supplement her original petition at that time to allege with specificity any defects other than those concerning the countertop rather than to wait over three and one-half years to do so. Thus, we conclude that the claims that she asserted in her

---

[8] The claims sought to be asserted with the addition to the original petition of a paragraph thirteen, items d) and e) concern the countertop.

7

supplemental petition, save those related to the countertop, were perempted and subject to dismissal for failure to state a cause of action. Plaintiff's first assigned error lacks merit.

With regard to Plaintiff's argument that the trial court should not have dismissed her entire supplemental petition upon its determination that the newly asserted warranty claims which are unrelated to the allegedly defective countertop were perempted, we note that Plaintiff failed to present this issue to the trial court. Pursuant to Uniform Rules—Courts of Appeal, Rule 1–3, if an issue is not raised in the trial court, this court is not required to address it on appeal.[9] Nevertheless, Defendant acknowledges that insofar as she is seeking attorney fees based on her allegedly defective countertop, "it is not believed that the trial court intended to dismiss those claims." We find merit to Defendant's contention. Accordingly, in the interest of justice, we will amend the appealed judgment to the extent that it dismissed Plaintiff's entire supplemental petition rather than only the portion wherein she sought to add a paragraph thirteen, items a, b, c, f, g, and h.

### DECREE

For the foregoing reasons, the trial court judgment granting the Exception of No Cause of Action and Peremption filed by Defendant, Marcus Trahan d/b/a Redmarque Construction, LLC, is amended to provide that only the portion of the First Supplemental and Amended Petition whereby Plaintiff, Amy Betancourt, sought to add to her original petition a paragraph thirteen, items a), b), c), f), g), and

---

[9] Uniform Rules—Courts of Appeal, Rule 1–3, entitled "Scope of Review," states:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA–Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

8

h), is stricken and dismissed, as opposed to the entire First Supplemental and Amended Petition.  In all other respects, the judgment is affirmed.  All costs of this appeal are assessed against Amy Betancourt.

**AFFIRMED AS AMENDED.**