# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### NUMBER 2020 CE 0723

## REGINALD FRANCIS SR.

### VERSUS

## SHENTELLE L. DAIGLE AND THE HON. BRIDGET HANA, CLERK OF COURT FOR THE PARISH OF ASCENSION

Judgment Rendered:  AUG 1 4 2020

Appealed from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension, Louisiana
Docket Number 129,328

Honorable Emile St. Pierre, Judge Presiding *pro tempore*

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Charles S. Long<br>C. Spencer Long, II<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee,<br>Reginald Francis, Sr. |
| Seth M. Dornier<br>Baton Rouge, LA<br>and<br>Jonathan Holloway<br>Baton Rouge, LA | Counsel for Defendant/Appellant,<br>Shentelle Daigle |

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, CHUTZ, PENZATO,
AND WOLFE, JJ.

COURT OF APPEAL
1ST CIRCUIT
FILED

2020 AUG 14  PM 2: 09

RODD NAQUIN
CLERK

**WOLFE, J.**

In this suit challenging candidacy, defendant appeals the district court's judgment granting plaintiff's objection to her candidacy and disqualifying her as a candidate for the office of Council Member, District 3, City of Donaldsonville. For the following reasons, we dismiss the appeal as untimely.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2020, Shentelle Louise Daigle filed a sworn Notice of Candidacy with the Ascension Parish Clerk of Court, declaring her intent to run for the office of Council Member, District 3, City of Donaldsonville. In the Notice of Candidacy, Daigle certified that her domicile address was 918 Nolan Avenue, Donaldsonville, Louisiana.[1]

On July 31, 2020, Reginald Francis, Sr. filed an Objection to the Candidacy of Daigle, contending that Daigle did not meet the residency, domicile, and voter registration requirements to qualify as a candidate for the City of Donaldsonville Council, District 3. See La. R.S. 18:492(A)(3).

The district court conducted a hearing on the matter on August 5, 2020, and subsequently signed a written judgment on Friday, August 7, 2020, disqualifying Daigle as a candidate for Council Member, City of Donaldsonville, District 3. Seeking review of this judgment, Daigle filed a Motion for a Devolutive Appeal on August 10, 2020.

On August 12, 2020, this court issued a Rule to Show Cause Order, ordering the parties to show cause by briefs whether the appeal should or

---

[1] One of the requirements to qualify as a candidate in a primary election is the timely filing of a notice of candidacy, which shall be in writing and shall state the candidate's name, the office she seeks, the address of her domicile, and the parish, ward and precinct where she is registered to vote. La. R.S. 18:461(A)(1) & 18:463(A)(1)(a).

should not be dismissed as untimely. Also on that date, Francis filed a Motion to Dismiss Daigle's appeal on the basis that it is untimely pursuant to La. R.S. 18:1409(D) and 18:1413. Accordingly, we will first consider the timeliness of Francis's appeal.

## DISCUSSION

Pursuant to La. R.S. 18:1409(D), "[w]ithin twenty-four hours after *rendition of judgment*, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs." (Emphasis added). Regarding the meaning of "rendition of judgment," La. R.S. 18:1409(J) provides that "[a]s used in this Chapter, judgment shall be deemed to have been rendered *when signed by the judge*." (Emphasis added).

A party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election suits. Jackson v. Myer, 2010-2108 (La. App. 1st Cir. 11/19/10), 52 So. 3d 271, 272. The legislature in drafting and enacting the Election Code sought to expedite contests involving candidacy. The short time delays are in the interest of the electorate, not the private litigants. Jackson, 52 So. 3d at 272.

In the instant case, the district court signed its judgment on August 7, 2020. While La. R.S. 18:1409(C), requires, in suits objecting to candidacy, that the district court judge indicate the date **and time rendered** on the judgment, the district court's judgment herein does not indicate the precise time on August 7, 2020 that it was rendered. Nonetheless, because the judgment was signed on a Friday, the lack of the precise time of rendition is not fatal to our determination as to timeliness of the motion for appeal.

3

With regard to contests and challenges filed pursuant to Chapter 9 of the Election Code, which encompasses challenges to candidacy, La. R.S. 18:1413 provides as follows:

> Computation of all time intervals in this Chapter shall include Sundays and other legal holidays. However, if the time interval ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval.

Thus, where the time interval ends on a legal holiday, the grace period provided by La. R.S. 18:1413 is only until "noon of the next legal day." See Mudge v. Magee, 98-2177 (La. App. 4th Cir. 9/10/98), 719 So. 2d 534, 535. Because the twenty-four period following the district court's rendition of its August 7, 2020 judgment expired on Saturday, August 8, 2020, Daigle had until noon on Monday, August 10, 2020, to perfect her appeal. See Lumar v. Lawson, 20-251 (La. App. 5th Cir. 8/10/20), ___ So. 3d ___, ___, 2020 WL 4580734, *2, & Walker v. Rinicker, 29,361 (La. App. 2nd Cir. 9/6/96), 681 So. 2d 1, 4.

However, the record of appeal demonstrates that Daigle did not file her Motion for Devolutive Appeal until Monday, August 10, 2020, at 2:15 p.m. Accordingly, we are compelled to conclude that Daigle's failure to file her motion for appeal prior to noon on Monday, August 10, 2020, is fatal to her case. See Mudge, 719 So 2d at 535, & Bonvillain v. Bonvillain, 02-01077 (La. App. 3rd Cir. 9/5/02), 834 So. 2d 1051, 1051-1052; also see generally Brou v. Martin, 2008-1685 (La. 7/31/08), 987 So. 2d 249.

## CONCLUSION

For the above and foregoing reasons, Shentelle Daigle's appeal of the district court's August 7, 2020 judgment, disqualifying her as a candidate

for Council Member, City of Donaldsonville, District 3, is dismissed. Considering our ruling in this matter, Francis's Motion to Dismiss Daigle's appeal as untimely is moot.

**APPEAL DISMISSED; MOTION TO DISMISS MOOT.**